## HOLMES vs. WEED.

If a surety knows that a claim made by a creditor of his principal is just, he has no right to interpose a defense to a suit brought against him as surety, and litigate the same. If he does so, and fails in the suit, he cannot recover of his principal the costs paid by him. He is only entitled to recover the costs of a judgment by default.

APPEAL by the defendant from a judgment entered at a special term, upon the report of a referee, after a new trial had been granted. *See S. C.* 19 *Barb.* 128, where the facts are fully stated. On the second trial, the referee reported in favor of the plaintiff for $780.60 damages, and $227.07 costs.

*James Wood, jun.*, for the plaintiff.

*R. P. Wisner*, for the defendant.

Holmes *v.* Weed.

*By the Court,* E. DARWIN SMITH, J. All the questions presented upon this appeal were disposed of when this case was before the court on the former occasion, (*see* 19 *Barb.* 128,) except the question of damages. The court then held that the plaintiff was entitled to recover the amount of the judgments of the Walkers and Hovey, paid by the plaintiff. But the question whether he was entitled to recover the costs of the plaintiffs, included in said judgments paid by him, was not then raised, and was not passed upon by the court. The court held that the assignment of the contract for carrying the mail, by the plaintiff to the defendant, in connection with the agreement of the defendant to pay the Walkers and Hovey for their services after such assignment, operated to make the defendant the principal in the business and the plaintiff his surety to them. Such being the relation of the parties to each other, the plaintiff is entitled to all the rights growing out of that relation. In *Elwood* v. *Deifendorf,* (5 *Barb.* 412,) it was held "that one of the rights of a surety is to charge his principal with the costs of a suit for the collection of the debt, which he has been compelled to pay." The case of *Baker* v. *Martin,* (3 *Barb. S. C. R.* 634,) is referred to as authority for the decision. In the case of *Baker* v. *Martin,* it is said that a person who makes or indorses an accommodation note is regarded as a surety, and can charge his principal with the costs of a suit for the collection of the note, which he may be compelled to pay, and 16 *John.* 70 ; 15 *id.* 273, and several other cases are cited. No question was made in either of the above cases as to the amount of costs, and it did not appear in either suit, that the actions had been defended by the surety. These cases, upon the facts, were rightly decided, on the assumption that no defense was interposed by the surety, and the costs recovered were the mere ordinary costs of a suit not litigated. I think they imply nothing more. But in this case it appears that the surety litigated the suits, and being unsuccessful in the litigation, now seeks to charge his principal with the costs of the defense thus incurred by him. It distinctly appears that the principal had no notice of the commencement or pendency

of the suits, nor assented in any way to the defense. The costs unnecessarily made by the plaintiff in such litigation, I think, are not recoverable. In *Short* v. *Galloway*, (11 *Adol. & Ellis*, 23,) Lord Denman, in a case where the surety had made a defense to a suit against him, said: "No person has a right to inflame his own account against another, by incurring additional expense in the unrighteous resistance to an action which he cannot defend." That is the precise case here. The plaintiff was the primary debtor to the Walkers and Hovey. They did the work for which their respective actions were brought, upon an express contract with the plaintiff, and had no one else to look to for their pay. The plaintiff knew that the claim of payment for carrying the mail on a contract thus made with him, was a just one, and their right of action against him clear and unquestionable. He had no right, therefore, to interpose a defense and litigate their claims, and then seek to recover the costs paid in these suits, of the defendants. It is a sound and just rule, that a surety cannot recover his costs if he puts the party to a useless expense by defending an action which he ought not to have defended. (*Burge on Suretyship*, 363. 7 *Bing*. 246. *Mood. & M.* 487. 5 *Esp*. 171.) Clearly this rule should be applied to the present case. In the suit of Artemas B. Walker against the plaintiff and Wadmans, it appears that the damages recovered were $67.85, and the costs $111.52. In the suit of Thomas B. Walker, the recovery was for $89.85 damages, and $74.31 costs; and in the suit of Hovey the recovery was for $89.38 damages and $23.51 costs. The plaintiff should only be allowed the costs of a judgment by default in each of said actions, and there should be a new trial, unless the plaintiff stipulates to remit from the amount of the judgment recovered, the sum of $164.35, estimated to be the amount of costs included in said judgment, not recoverable in said action. If so, judgment affirmed; otherwise reversed, and new trial, costs to abide the event.

[CAYUGA GENERAL TERM, June 1, 1857. *Johnson, T. R. Strong* and *Smith*, Justices.]