HELEN L. ALLIS, RESPONDENT, *v.* MILTON STAFFORD, APPELLANT.

*Personal transactions with deceased person — when evidence as to, admissible — Code of Civil Procedure, § 829.*

This action was commenced in a justice's court upon a promissory note made by Wood, and signed by Stafford for his accomodation, to the order of one Bement who died before the commencement of the action. The plaintiff recovered a judgment against both defendants, from which Stafford alone appealed to the County Court. Upon the trial in the County Court, Stafford offered to prove by Wood, transactions and communications had by him (Wood) with Bement at the time of the execution of the note, and subsequent thereto to establish his defenses, one of which was an extension of the time of payment without Stafford's knowledge. The evidence was rejected as inadmissible under section 829 of the Code of Civil Procedure.

*Held,* that its rejection was error; that the testimony of Wood was not offered "in his own behalf," as he was not a party to the appeal, nor in his "interest," as he was in no way interested in the result thereof.

APPEAL from a judgment of the Ontario County Court in favor of the plaintiff, entered on a verdict directed by the court.

*J. Gillette, Jr.,* for the appellant.

*C. H. Paddock,* for the respondent.

SMITH, J.:

The action is on a promissory note, made by George W. Wood and the appellant, Stafford, who signed it for the accommodation of Wood. The note was made payable to Dewey Bement or bearer. Bement died before the trial. The suit was commenced in a justice's court, where the plaintiff recovered against both defendants. Stafford alone appealed. On the trial in the County Court Stafford offered to prove by Wood, transactions and communications had by him with Bement, at the time of the execution of the note and subsequently thereto, for the purpose of establishing the defenses set up in the answer, one of which was that Bement had extended the time of payment by valid agreement with Wood without the knowledge or consent of Stafford. The principal question in the case arises upon the ruling sustaining an objection to the offer and excluding the evidence. The question turns upon the construction to be given to section 829 of the Code of Civil Procedure. The language is: "A party * * * shall not be examined as a witness, in his *own behalf or interest*, * * * against," etc. This, it is contended, has changed the rule which existed under section 399 of the late Code. Under that section, a party was prohibited from testifying, in any event, in a case within the statute. Under section 829, he is only prohibited from testifying in his own behalf or interest; and it is argued that judgment having passed against Wood, from which he had not appealed, he was not interested in the event of the appeal; and so, although a party to the action, he was a competent witness, and Stafford was entitled to the benefit of his testimony.

It may be assumed that the testimony would have been inadmissible under the former Code. The fact that Wood was a party to the record would have closed his mouth, under section 399, as to transactions between him and the deceased. (*Genet* v. *Lawyer*, 61 Barb., 211). But under section 829, a party to the action is not prohibited from testifying to transactions with the person deceased, except in his own behalf or interest. As Wood was not a party to the appeal, he was not a witness in his "own behalf." Was his testimony offered in his "own interest?" What interest had he in the result of the appeal? The amount of his liability over to Stafford as his surety, as well as to the creditor, was fixed

by the recovery before the justice. On his paying that judgment he would have saved his surety from all loss, and himself from further liability. But the surety saw fit to appeal, although his principal was content to abide by the judgment. If the surety ultimately fail on his appeal, on what principle can he call on his principal to indemnify him against the costs, or against any increased damages that may be recovered against him therein? (*Holmes* v. *Weed*, 24 Barb., 546). The recovery in the justice's court was *prima facie* evidence that he had no defense to the plaintiff's claim, and he cannot charge the principal with the costs of the appeal, unless it was brought with the approval and consent of the principal, of which there is no evidence. The fact that Wood attended the trial as a witness raises no presumption that he consented to the appeal. On the whole, we think the testimony was erroneously excluded. Aside from this, we find no error in the several rulings excepted to on the trial; but, for the reasons above stated, we think the judgment should be reversed.

Present—TALCOTT P J. SMITH and HARDIN, JJ.

Judgment and order of County Court reversed, and new trial ordered in that court, costs to abide event.