CLAYTON L. HILL, AS ADMINISTRATOR, ETC., APPELLANT, *v.* JEROME HOTCHKIN, RESPONDENT, IMPLEADED WITH J. DWIGHT ALVORD.

*Evidence — when a defendant who has made no defense cannot testify for a co-defendant, as to personal transactions with a deceased person — Code of Civil Procedure, §§ 828, 829.*

Upon the trial of an action brought by the administrator of a deceased payee of a promissory note against the makers thereof, one of whom claimed to be liable as a surety only and the other of whom interposed no defense, the latter was allowed, against the plaintiff's objection and exception, to testify in behalf of his co-defendant as to personal transactions and communications had by the witness with the deceased.

*Held,* that the testimony was inadmissible under sections 828 and 829 of the Code of Civil Procedure.

APPEAL from a judgment of the Onondaga County Court in favor of the defendant Hotchkin, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Gott & Evarts*, for the appellant.

*D. Pratt*, for the respondent.

SMITH, J.:

This action was brought upon a promissory note made by the defendant for $600, payable to the order of Lewis O. Hill. The defendant Hotchkin was a surety for his co-defendant, though not signing as such. The defenses interposed were a general denial, usury and a material alteration of the note, the last of which is the only one litigated. The action was commenced in the name of Hill, the payee, and he having died the action was revived and continued in the name of his administrator, the present plaintiff. After answer the defendant Alvord withdrew his defense, and thereafter was called as a witness by the defendant Hotchkin, and testified to personal transactions had between himself and the payee of the note, regarding said note, under appellant's objection and exception. The plaintiff was nonsuited on the ground that a material alteration was shown in the place of payment from "The Onondaga County Savings Bank" to the "dwelling-house of L. O. Hill."

It was ruled by the court below, and is now insisted upon by the respondent's counsel, that the defendant Alvord having withdrawn his defense, was a competent witness for his co-defendant to prove personal transactions and communications between himself and the original plaintiff Hill, since deceased, respecting the note, under sections 828 and 829 of the Code of Civil Procedure.

Section 828 provides that a person shall not be excluded or excused from being a witness by reason of his interest or his being a party, except as otherwise specially provided in the title of which that section is a part. The only other provision in the same title affecting the present question is in section 829, and it is to the effect that a party or a person interested in the event shall not be exam-

ined, " in his own behalf or interest," against the administrator, etc., of a deceased person, concerning a personal transaction or communication between the witness and the deceased.

The case of *Church* v. *Howard*, decided by the Court of Appeals in January, 1880, and as yet not reported, seems to be an authority against the respondent. A copy of the opinion of MILLER, J., in which all the members of the court, except FOLGER, J., who was absent, are reported to have concurred, is annexed to the points of appellant's counsel herein, and so far as we can ascertain from the opinion and the report of the case below (17 Hun, 5), that case and this are substantially alike in their facts bearing upon the question under consideration. That was an action on a promissory note brought by the administrator of the deceased payee against the two makers, one of whom was the surety of the other. The principal debtor, Fargo, offered no defense at the trial, and he was called as a witness for the surety and permitted to testify to personal transactions between himself and the deceased respecting the note. The Supreme Court, in the third department, held that as he was not called or examined as a witness in his own behalf or interest, he was a competent witness as to such transactions. The Court of Appeals reversed this, holding that he was interested in the event, and, therefore, incompetent to testify, the argument being that he was interested in avoiding a judgment against his surety, which would entitle such surety to prosecute and obtain a judgment against him which he might be compelled to pay. The decision, and the reason assigned for it, seem to cover the case at bar, and although there were other grounds for the judgment, the case is nevertheless an authority upon the point in question.

Were we at liberty to treat the question as an open one, we would incline to the opinion that the real inquiry was not whether the witness was interested in the event, but whether his testimony was offered or could be used in his own interest or behalf, and that even if the question whether he was interested was material, he, having withdrawn his defense, and the plaintiff being entitled thereby to a judgment against him for the amount of the debt and the costs of the action up to the time of such withdrawal, was no longer interested in the event, inasmuch as the surety could only look to him for indemnity to that amount, and not for the costs of his

defense thereafter persisted in without the assent of his principal. (*Short* v. *Kalloway*, 11 Ad. & El., 23 ; *Holmes* v. *Weed*, 24 Barb., 546 ; *Allis* v. *Stafford*, 14 Hun, 418.) But we cannot distinguish the present case from *Church* v. *Howard*, and it is our duty to follow that case so long as it has the sanction of the Court of Appeals.

The motion for a new trial on the minutes was improperly made, no verdict having been rendered. (Code of Civil Procedure, § 999.)

The judgment and order should be reversed and a new trial granted, costs to abide event.

TALCOTT, P. J., and HARDIN, J., concurred.

So ordered.