HUBBLY *against* BROWN AND NICHOLS.

In an action by the holder, against the endorser of a promissory note, the maker of the note is a competent witness, as he is indifferent between the parties, and who ever may succeed, is only liable to the losing party for the amount of the note; unless it was a note made and endorsed for the accommodation of the maker, in which case, as the endorser is regarded as a surety, and would, if the holder recovered against him, be entitled to charge the maker, not only with the amount of the note, but also, with the costs which he had been compelled to pay, his liability for costs, renders him interested to defeat the action, and, he is, therefore, not a competent witness for the endorser.

If the beneficial holder of a note agrees, on receiving a premium for the delay, to wait a stipulated time, without suing the maker, he thereby discharges the endorser.

THIS was an action of *assumpsit* against the defendants, as endorsers of a promissory note, for 500 dollars, drawn by *Rufus Clapp*, dated the 9th of *May*, 1816, payable to the order of the defendants, ninety days after date, at the office of the *Utica Insurance Company*, and endorsed by the defendants, and *R. M. Malcolm*. The cause was tried before Mr. J. *Platt*, at the *Oneida* circuit, in *June*, 1818.

At the trial, the endorsement of *Malcolm*, which had previously been in blank, was filled up to the plaintiff, who proved, that when the note became due, demand of payment was made of the maker, at the place where it was payable, and that due notice of non-payment was given to the defendants. The defendants produced *Clapp*, the maker of the note, as a witness, who testified, that on the 11th of *August*, 1817, he called on *Malcolm*, one of the endorsers, and requested him to extend the credit, and to accept a new note for 90 days. *Malcolm* declined taking a new note, and said that he preferred keeping the old one, as he

had already given regular notice to the endorsers, but he agreed, for a stipulated premium, which was paid him, to wait, without suing, 90 days longer, and as evidence of such agreement, wrote a memorandum in the pocket-book of the witness, as follows : " 500 dollars, 13th of *November*, 1817." The competency of this witness, and his testimony, were objected to, but were admitted by the Judge. A verdict was found for the plaintiff, for the amount of the note, subject to the opinion of the Court; with leave for the plaintiff to have judgment of nonsuit entered against him, if the Court should be of opinion, that he was not entitled to recover.

*Talcot*, for the plaintiff. *Clapp* was interested, and, therefore, an incompetent witness. The maker of a promissory note, is not an admissible witness, in an action by an endorsee against the endorser, to prove any thing which may defeat the action. (*Chitty on Bills*, 50. 53. *Townsend* v. *Bush*, 1 *Conn. Rep. N. S.* 268. 276. 278.) The maker of a note is interested to defeat the action against the endorser, so as to compel the holder to bring an action against the maker, in which he can set up the defence of usury, which he could not do, in a suit against him by an endorser, who having been compelled to pay the money, brings an action against the maker to recover the amount. In *Pierce* v. *Butler*, (14 *Mass. Rep.* 303.) it was lately decided in the Supreme Court of *Massachusetts*, that the maker of a promissory note was not a competent witness for the endorser, in an action against him by the endorsee. In *Jones* v. *Brooke*, (4 *Taunt.* 464.) it was decided, that the drawer of an *accommodation* bill, being bound to indemnify the acceptor against all the consequences of his acceptance, was not a competent witness, in an action against the acceptor, to prove, that the holder took the bill on a usurious consideration.

The verdict, if obtained, might be used as evidence against the maker in an action by the endorser. This shows that the witness is interested.

Again; it does not appear, that *Malcolm* was the rea holder, or had any control over the note.

*Foot*, contra, contended, that there was sufficient evi-dence on the part of the defendant, to afford the presump-tion, at least, that *Malcolm* was the holder: Nothing appears to the contrary. The agreement, then, between the holder and maker, not to sue for 90 days, discharges the endorser. (*Pain* v. *Packard*, 13 *Johns. Rep.* 174.) The plaintiff was bound to show, that the note was endorsed to him before the protest for non-payment. There is no ground what-ever, for the suggestion of usury, or that the note was usu-rious in its inception. The maker is competent to prove facts arising after the note is negotiated, and after protest for non-payment.

SPENCER, J. delivered the opinion of the Court. The questions in this case are, 1. Whether *Rufus Clapp* was a competent witness for the defendants, without a release? 2. What is the effect of his testimony if competent?

The case is silent as to the fact, whether this was an *ac-commodation* note, or not; if it was, then, on the authority of the case of *Jones* v. *Brooke*, (4 *Term Rep.* 466.) the ob-jection to the witness was well founded; because, if the defendants were rendered liable in this action, they would have a remedy over against the maker of the note, not only for the principal and interest, but for the costs; and persons liable to the costs of an action, have an immediate interest in the event, and are, therefore, not competent, (*Philips'* *Ev.* 45. 1 *Binney*, 444. 11 *Johns. Rep.* 57.) As the case stands, we cannot intend this to be an accommodation note. It is difficult, then, to see what interest *Clapp* had; he was answerable on his note, whether the plaintiff succeeded in the suit or failed; and in either event, no additional burthen was thrown on him. In the case of *Skelding & Haight* v. *Warren*, (15 *Johns. Rep.* 275.) though the point was not ela-borately discussed, we held, that the maker of a note stood indifferent between the parties, who were similarly situated with the parties here.

If *Malcolm* is to be viewed as the beneficial holder of the note, at the time he received a consideration, for waiting 90 days longer without suing, then, it appears to me, the defendants were discharged. The evidence warranted the

conclusion, that *Malcolm* owned the note ; he had possession of it, and undertook to control its payment. If the fact was otherwise, it was extremely easy for the plaintiff to prove it. He might show when he acquired an interest in the note, or otherwise rebut the presumption, that *Malcolm* was the real owner of it. This case does not involve the consideration of the point on which the Court of Chancery, and this Court have entertained, seemingly, a contrary doctrine. The Chancellor admits, that the doctrine is, that the surety is bound by the terms of his contract ; and if the creditor, by agreement with the principal debtor, without the concurrence of the surety, varies these terms by enlarging the time of performance, the surety is discharged, for he is injured, and his risk is increased. (2 *Johns. Ch. Rep.* 560, 561.) We have regarded the endorser as in the nature of a surety, and the maker of a note as the principal debtor. In the case of *English* v. *Darley*, (2 *Bos. & Pull.* 61.) the very point was decided, and Lord *Eldon's* opinion is very full in illustrating the principles on which the decision is placed.