The Court
(nem. con.) permitted Mr. Gorman, the maker, to be sworn and examined as to those facts.
Mr. Bradley then prayed the Court to instruct the jury that if they should be of opinion, from the evidence, that after the note upon which this action is brought, became due, the maker thereof, without the knowledge or assent of the defendant, made an agreement with the plaintiff to forbear any suit upon the said note, and in consideration thereof, paid to the plaintiff five dollars, and gave his two promissory notes to the plaintiff, one for $45 at thirty days, and one for $50 at sixty days, and also paid him the further sum of $3.50; and that the plaintiff did, in fact, thereupon forbear any suit until after both the said notes had become due, the plaintiff did thereby discharge the defendant from liability upon the said note.
Mr. Bradley cited Theobold on Principal and Surety, 164, 184; Hartley v. Brown and Nicholls, 16 Johns. 70; 2 Wheeler, 212; Woodhull v. Holmes, 10 Johns. 240; Skill and Hite v. Warren, 15 Id. 270.
Mr. Hoban contended that the agreement to forbear was upon an usurious consideration, and, therefore, not binding upon the plaintiff; and, therefore, did not discharge the defendant; and prayed the Court to instruct the jury that if they should believe, from the evidence, that more than lawful interest was given for the forbearance of the two notes of fifty and forty-five dollars, such forbearance did not discharge the defendant, and he is liable upon the note of one hundred dollars.
But the Court (nem. con.) refused to give the instruction asked by Mr. Hoban, and gave that asked by Mr. Bradley.
Verdict for the defendant.