No. 39.—JONAS RACKLEY, plaintiff in error *vs.* THOMAS SANDERS and WRIGHT SANDERS, defendants in error.

In a suit against the security alone, the principal is interested to the extent of the *costs*, and therefore is not a competent *witness* for the security, unless released from liability as to *such costs*.

This was an action of debt, brought by the plaintiff in error against the defendants in error, who were liable as partners, under the style of T. & W. Sanders, upon a joint and several promissory note for $1,115 76, made by one Wiley Pearce and the defendants, he being principal and they only securities upon the contract upon which the note was given. The note was given on the 26th day of January, 1842, and due on the 1st day of January ensuing.

The defendants pleaded usury in the contract between their principal, Wiley Pearce, and the plaintiff in error.

The suit was brought in the Superior Court of the county of Decatur, and in that court, at the June Term, 1846, the same was tried before Judge Warren, upon the issue made upon said plea of usury, when the said Wiley Pearce, the principal, who was not sued in this action, was offered by the defendants as a witness to prove the usury. The counsel for the plaintiff objected to the competency of the witness, on the ground of his being the principal in said note, and therefore liable to the defendants for the costs of the suit, and interested in preventing a recovery: Which objection was overruled by the court, and the witness was admitted and sworn: To this decision the plaintiffs in error excepted; and assigned for error that the court erred in admitting said witness, he being interested, to the extent of the costs, in behalf of the defendants, by whom he had been introduced, and had not been released by them from said liability.

, JOHN P. GAULDEN, for the plaintiff in error *ex parte*, the defendants in error having failed to appear, either in person or by counsel, to join issue on the assignment of error, relied upon the following authorities:—1 *Greenleaf's Ev.* 458, 464, 465, referring to *Townsend* vs. *Downing*, 5 *East*, 565, 567 ; *note to* 1 *Greenleaf's Ev.* 467, referring to 7 *Taunt.* 153 ; also to *M. & Robinson*, 302 ; *Johns. Rep. Butler* vs. *Warren*, 57 ; 1 *Greenleaf's Ev.* 471, and *note to p.* 470 ; 2 *Greenleaf's Rep.* 199 ; 16 *Johns. Rep.* 70 ; 14 *East*, 565.

*By the Court*—WARNER, Judge.

This was an action brought on a promissory note, made by Wiley Pearce, as principal, and the defendants as his securities. Pearce was not sued in this action. The defendants relied on the plea of usury as their defence, and at the trial, offered Wiley Pearce, the principal maker of the note, as a witness to prove the usury. An obje·tion was made to the competency of his testimony, on the ground he was interested in the event of the suit, which objection was overruled by the court, and the witness examined : and the only question presented for our consideration

is, the *competency* of the witness.—We are of the opinion the witness
was incompetent for the defendants, without a release as to the costs of
the suit, they being his sureties only.—1 *Greenleaf's Ev.* 465, section
395; *Townsend* vs. *Downing*, 14 *East*, 565; 2 *Greenleaf's Ev.* 167, section
203; *Hubbly* vs. *Brown*, 16 *John. Rep.* 70; *Edmons* vs. *Lowe*, 15 *Eng-
lish Common Law Rep.* 250; *Hall* vs. *Cecil*, 19 *Com. Law Rep.* 47.
The judgment of the court below must therefore be reversed, and a new
trial granted.