Bowne *v.* Hyde.

———————— ◆ ————————

SAME TERM. *Before the same Justices.*

BOWNE *vs.* HYDE.

The maker of a promissory note, indorsed for his accommodation by another, is not a competent witness for such indorser, in a suit by the holder against him, unless released from costs and damages.

An attorney has no authority, as such, to release a witness in the name of his client.

MOTION for a new trial. The action was assumpsit, upon a promissory note made by David H. Dick, and indorsed for his accommodation, by the defendant. The defence was usury.

Bowne *v.* Hyde.

The suit was tried before EDMONDS, Cir. Judge, in February, 1847. The making and indorsing of the note were admitted by the defendant's counsel. The plaintiff produced a notarial certificate of protest and notice to the defendant, and rested.

The defendant called as a witness David H. Dick, the maker of the note, to prove that the note was an accommodation note, indorsed as such by the defendant, for the witness, and made to be discounted by one Galen Hunter, who discounted the same for the witness, at a discount of $10, and that the defendant never received any consideration for the note. The counsel for the plaintiff objected to Dick as a witness, on the ground of interest, and the objection was sustained by the court, and the defendant excepted. The counsel for the defendant then offered, in the absence of the defendant, who was not present in court, to execute a release to said David H. Dick, in the name and as the attorney of the defendant, which the court refused to receive, and set aside the witness for incompetency, on the ground of interest, to which decision of the court the defendant's counsel excepted. The defendant having no other witness present, the court charged the jury to find a verdict for the plaintiff, who returned a verdict for the plaintiff, for the amount of the note, and interest.

*H. Ketchum,* for the plaintiff.

*E. Sandford,* for the defendant.

*By the Court,* EDWARDS, J. The promissory note on which this suit was brought, was indorsed by the defendant for the accommodation of the maker. The circuit judge before whom the cause was tried, held that the maker was not a competent witness for the defendant, without a release.

Ever since the case of *Jones* v. *Brooke,* (4 *Taunt.* 464,) whenever the question has arisen, it has been held, or assumed as an existing rule, that the party for whose use an accommodation note has been drawn or indorsed, is incompetent as a witness for the party who has lent his name, and liability. This has

recently been recognized by high authority in England, as the established rule of the common law. (*Lord Lyndhurst, in Burgess* v. *Cuthill,* 6 *Carr. & P.* 282.) The same rule was recognized in this state in *Hubbly* v. *Brown,* (16 *John.* 70,) and has since been adopted and followed. (1 *Greenl. Ev.* 401. 2 *Id.* 203, *and authorities cited.*) And whether founded upon good reasons or not, we consider it so far established by authority as to be controlling upon us.

The offer made by the defendant's counsel to execute a release in the name, and as the attorney of the defendant, was not sufficient. Neither would such a release, if it had actually been executed, have rendered the witness competent, as there was no offer to prove that the counsel had been authorized to execute it.

Motion for new trial denied.

