By the Court—Robertson, J.
Two questions are involved in this case: first, whether any valid agreement was ever made to discharge the defendant; and, second, whether the time given to the maker of the note discharged him as indorser. The first, besides the question of fact whether any agreement was made, involves that of a sufficient consideration. The second, besides the question of fact whether the defendant assented to what was done, embraces that of his being prejudiced, even if he did not assent.
. Unless the stipulation of the maker of the note in the suit against him, and the cotemporaneous agreement to stay proceedings in connection with the manual tradition of the note to such maker constitute, operate to create, or prove, an agreement to accept the cash then paid, the note then delivered and the judgment to be entered in case it was not paid, in place of the liability of all parties on the original note, or discharge the defendant, there was no evidence of one in this case. There is not a particle of *549 evidence of any additional stipulation to that effect; the defendant stated that not a word was said about his liability. He evidently relied, as he testified, upon what he considered to be a release without any express agreement, the delivery of the cash and a new note, and therefore never made any express agreement.
No parol evidence could add to or vary the terms of the written stipulation of the maker of the note, or prove a different consideration from that stated in it. It merely permits the plaintiffs to enter judgment, in case the new note is not paid in sixty days, and the sole consideration expressed, for that is the stay of proceedings. Not a word is said in it of the release of any of the parties to the note. On the contrary, to warrant the entry of the judgment, the liability of the maker at least must have been retained, otherwise it would be a judgment by confession, which requires a certain statement to be made, (Code, §§ 382, 383.) The learned Judge informed the Jury that it was merely a circumstance to prove such retention of the maker’s liability, when he should have declared it to be conclusive of it. The surrender of the note, or discharge of any of the parties to it, did not enter into the written agreement of the maker of the note, or the verbal agreement of the attorney for the plaintiffs.
It may well be doubted whether the mere delivery of the original note, indorsed as it was, to the maker by the plaintiffs, would, if unexplained, either be, or operate to create or prove an agreement to discharge any one.. But, as the learned Judge charged the Jury, when inadvertently delivered, it certainly neither creatednor proved any agreement to discharge. Upon the question of fact, the evidence of the plaintiffs’ attorney is uncontradicted, and he is fortified by the reservation of the right to enter up judgment; such being the case, the fact of delivery furnishes no warrant for any inference prejudicial to the plaintiffs. (Olcott v. Rathbone, 5 Wend., 490.) It was error, therefore, to leave the question of an agreement to discharge the defendant to the Jury as one of fact, when the only circumstance *550 to sustain it was fully explained by uncontradicted evidence.
But even beyond this there was no evidence of any authority by the plaintiffs to their attorney to discharge the defendant. Laying aside the consideration of the facts, (of which there appears to be strong evidence,) that the attorneys were in reality those of the defendant, the suit being brought by his directions, although in the plaintiffs’ name; that he frequently called about it; paid the costs and acquiesced in the arrangement with the maker of the note; the mere authority of the attorneys to bring the suit, would not sanction their discharging any of the parties without being paid the full amount. It is doubtful whether it even authorized the stay of proceedings. (Gaillard v. Smart, 6 Cow., 385; Shaw v. Kidder, 2 How. Pr., 244; Bowne v. Hyde, 6 Barb., 392.) If the authority had been to collect the note, it might have been different. (Livingston v. Radcliff, 6 Barb., 201.) The attorney testifies that his orders were to sue the maker of the note. Even, therefore, to discharge the maker, the authority was insufficient, unless the defendant was the real plaintiff in such'suit, and his presence and assent authorized the delay. He does not undertake to deny his presence at, knowledge of, and assent to the settlement. But to proceed against the defendant or to treat with him, the attorneys had no authority, and if, by delivering up the note they intended to discharge him, the act was extra vires.
The second question might possibly arise in the case, although not insisted upon or presented to the Jury, and hardly raised by the pleadings. The charge of the learned Judge was, that “if there was any neglect on the plaintiff’s “part, to prosecute the note, against ‘the maker,’ to which “ the defendant did not assent,” and the maker “ became “ insolvent, and by reason of such negligence the defend- “ ant could not collect the note from him,” the former was discharged. This was, however, not excepted to; but literally construed, it is far from being borne out by any case or principle. There is no obligation on the holder of *551 a note, to prosecute a principal debtor diligently to prevent the loss of the liability of a surety, even on the request of the latter. His remedy is to discharge the obligation and proceed against the principal himself. But by the neglect in this case, he may have meant the giving time; otherwise there was no evidence of any. That was, however, done with the defendant’s assent, as appears by uncontradicted evidence, since he knew of the settlement and approved of it, and must have known of the stay of proceedings. The remark was calculated to mislead the Jury.
There appears to be some confusion in the testimony, as to the number of stipulations in the first action. The attorney of the plaintiffs testifies he gave a stay of proceedings therein, ’till the new note became due; the defendant “ had perfect knowledge of that stipulation.” The latter testifies he had no knowledge of any stipulation. The only one in evidence' does not contain a stay of proceedings, although it recites one, and was not given by the attorney for the plaintiffs.
But as the Court was bound, in the entire absence of any testimony of a distinct agreement to discharge the defendant, and with the full explanation of the only doubtful circumstance, to charge the Jury that the defendant was not discharged without such agreement, of which there was no evidence, the case should go back for a new trial.
I am of the opinion, therefore, that the judgment should be reversed, and a new trial granted, with costs to abide the event.