MARY J. CONNELLY, Respondent, *v.* MINA E. O'CONNOR, as Administratrix, etc., Appellant.

In an action upon an alleged agreement on the part of J., defendant's intestate, to pay plaintiff for the care and support of J.'s illegitimate child, M., the mother of the child, who was not a party to the action, was called as a witness by plaintiff to prove the contract with said intestate. Her evidence was received under objection and exception. *Held,* no error; that she was not a party or person interested in the event of the action within the meaning of the Code of Civil Procedure. (§ 829.)

The test of interest that will exclude a witness, not a party, from testifying in an action, is that he will either gain or lose by the direct legal operation of the judgment, or that the record will be legal evidence for or against him in some other action. It must be a present, certain and vested interest and not one that is uncertain, remote or contingent.

(Argued October 14, 1889; decided October 22, 1889.)

Statement of case.

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made at the June Term, 1888, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was originally brought by plaintiff against John O'Connor, defendant's intestate, to recover for the care and support of an illegitimate child under an alleged contract with him.

Upon the death of O'Connor his administratrix was substituted as defendant. Upon the trial plaintiff called her sister, the mother of the child, as a witness, to establish the making of the agreement; her evidence was received under objection and exception, and a motion to strike it out was denied.

Further facts are stated in the opinion.

*P. M. French* for appellant. The witness was interested in the event of this action within the meaning of section 829 of the Code of Civil Procedure. She was the mother of the child and liable for its support. (*In re Doyle,* Clarke's Ch. 155; 2 Kent's Com. 242; *People* v. *King,* 6 Barb. 367; Code of Crim. Pro. § 839; 2 R. S. [5th. ed.] 902, § 2; 1 id. 642, § 2.) The father of an illegitimate child is under no legal obligation for its support, nor can he be chargeable with it in any way other than that provided by statute, except on his express promise. (*Moncrief* v. *Ely,* 19 Wend. 405; *Birdsell* v. *Edgerton,* 25 id. 619; *People* v. *Mitchell,* 44 Barb. 249.) Neglect and failure of the mother to furnish necessaries for her child makes her liable to the person furnishing them. (*In re Ryder,* 11 Paige, 187, 188; *Van Valkinberg* v. *Watson,* 13 Johns. 480; *Forsyth* v. *Ganson,* 5 Wend. 562; *Barton* v. *Scrambling,* 31 Hun, 467; *Murray* v. *Fox,* 39 id. 115; 104 N. Y. 382.) The test of interest is whether the witness will gain or lose by the direct legal operation and effect of the judgment. (*Miller* v. *Montgomery,* 78 N. Y. 283; *Hobart* v. *Hobart,* 62 id. 83; *Steele* v. *Ward,* 30 Hun, 557.) If the plaintiff were to bring an action against the witness on the mother's implied contract to furnish

necessaries for her child, the witness could introduce in evidence the judgment in this case as proof that the necessaries were furnished under an express contract with the father, and thus make a perfect defense. ( *Wooster* v. *Booth*, 2 Hun, 486; *Hunter* v. *Herrick*, 26 id. 272; 96 N. Y. 626; *Eisenlord* v. *Eisenlord*, 17 N. Y. S. R. 150.) The conversation at Mr. Cochrane's office, at the time it is claimed the contract in question was made, amounted to a personal transaction or communication between the witness and Mr. O'Connor. (*Head* v. *Teeter*, 10 Hun, 548; *Brague* v. *Lord*, 67 N. Y. 495; *Holcomb* v. *Holcomb*, 95 id. 324, 325, 326; *Price* v. *Price*, 33 Hun, 69; *Adams* v. *Morrison*, 113 N. Y. 152–157; *In re Eysaman*, Id. 62; *Smith* v. *Ulman*, 26 Hun, 386; *Wilson* v. *Reynolds*, 31 id. 48; 98 N. Y. 640.)

*William E. Edmonds* for respondent. A party is not prohibited from testifying to a conversation heard between the deceased and a third party. (*Simmons* v. *Session*, 26 N. Y. 204; *Hildebrandt* v. *Crawford*, 65 id. 407; *Cary* v. *White*, 59 id. 336; *Badger* v. *Badger*, 88 id. 546.) The evidence of the witness, Lucy Mooney, was properly received in this case. (*Purcell* v. *Fry*, 19 Hun, 598; *Burly* v. *Burnhard*, 9 N. Y. S. R. 588; *Hobart* v. *Hobart*, 62 N. Y. 83.)

PER CURIAM. The witness Lucy Mooney was not a party or privy to the action. She was, therefore, a competent witness to prove the alleged contract between the plaintiff and the defendant's intestate unless she was interested in the event, even assuming that her testimony involved a personal transaction between herself and the intestate. (Code, § 829.)

We think she was not interested in the event of the action within that section. In construing that section it has been held that the test of interest, where the witness is not a party, is that the witness "will either gain or lose by the direct legal operation of the judgment, or that the record will be legal evidence for or against him in some other action. It must be a present, certain and vested interest, and not an interest uncer-

tain, remote, or contingent." (*Hobart* v. *Hobart*, 62 N. Y. 81; *Wallace* v. *Straus*, 113 id. 238.)

The recovery of a judgment by the plaintiff in this action against the administratrix of O'Connor would not bar a subsequent action by the plaintiff against the witness to recover for the support of the child, nor would it establish that the expenses incurred by the plaintiff in its support were incurred under circumstances which precluded her from enforcing the common-law liability of the mother of a bastard child to provide for its support and maintenance. The fact that the support was furnished by the plaintiff under a contract with the father might constitute a defense to a suit against the mother. But a judgment against the administratrix of the putative father in this action, to which the witness was neither a party or privy, would not be conclusive upon the plaintiff in favor of the mother in a subsequent action against her, that the plaintiff furnished the maintenance under such a contract, nor, indeed, would the record be evidence that such a contract had been made. The evidence of Lucy Mooney tends to show that the plaintiff took the child as her own, acting in respect to it *in loco parentis*, thereby precluding herself from claiming that the maintenance was furnished on account of the mother and on her credit. We think the interest of the witness in the event of the action was, if any, "remote, contingent and uncertain," and was an interest in the question as distinguished from an interest in the event.

Without, therefore, considering whether the testimony of the witness was concerning a personal transaction between herself and the defendant's intestate, we think the judgment should be affirmed on the ground that she was not a party or a person interested in the event of the action within the meaning of the Code.

All concur, except RUGER, Ch. J., and ANDREWS, J., not voting.

Judgment affirmed.