(121 App. Div. 330)

### SPIER et al. v. McNAUGHT et al.

(Supreme Court, Appellate Division, Third Department.   September 11, 1907.)

1. GUARANTY—DISCHARGE OF GUARANTORS—EXTENSION.
     Where an extension of a note was with the full consent of the guarantors thereon, one of them could not resist liability because of such extension.

2. SAME—NOTICE OF PROTEST—WAIVER BY INDORSERS.
     Where indorsers waived notice of protest of a note, the guarantors were not discharged from liability because of the holder's failure to charge the indorsers on the day the note fell due.

3. SAME—RELEASE OF SECURITY.
     Failure to charge indorsers of a note is not such a release of security as will discharge a guarantor.

4. SAME—QUESTION FOR JURY.
     In an action on a note against guarantors, whether the guaranty was so delivered as to create a liability on the part of one of them, and whether a second note was taken in full payment of the first, were matters for submission to the jury.

5. WITNESSES—TRANSACTIONS WITH PERSONS SINCE DECEASED.
     Where an indorser on a note was primarily liable, and therefore liable to the sureties behind him who were compelled to pay the note, but he had no legal interest in the personalty of his creditor and was not a party to an action against his subsequent indorsers, he was not incompetent to testify to conversations had with plaintiff's testator with reference to such note, under Code Civ. Proc. § 829, prohibiting a party or person interested in the event, etc., from testifying to a personal transaction or communication with a deceased person under whom plaintiffs claimed.
     [Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 598–618.]

Appeal from Special Term, Warren County.

Action by Ida M. Spier and another against James McNaught and another. From a final order in favor of plaintiffs, and from an order denying a motion of defendant McNaught for a new trial, he appeals. Reversed, and new trial granted.

Upon September 13, 1899, the plaintiffs' testator and the defendants Mc-Naught and Miller executed a paper of which the following is a copy:

"New York, September 13, 1899.

"Whereas, the Milwaukee Terminal & Western Railroad Company desires to negotiate a loan for ninety days for twenty-five thousand ($25,000) dollars, on a promissory note which reads as follows:

" '$25,000.　　　　　　　　　　　　Milwaukee, Wis., August 26, 1899.

" 'Ninety days after date, for value received, the Milwaukee Terminal & Western Railroad Company, a corporation duly organized and existing under the laws of Wisconsin, promises to pay to the order of D. M. Edgerton twenty-five thousand dollars at New York.

" 'The Milwaukee Terminal & Western Railroad Company,

" 'By D. M. Edgerton, President.

" 'Attest: Leo Forbe, Secretary.'

—and which said note is indorsed as follows: D. M. Edgerton, John W. Wegner, and H. B. Munson; and

"Whereas, the undersigned are interested in said company:

"Now, therefore, in consideration of one dollar paid to each of the undersigned, and other valuable consideration, we hereby guarantee the payment of said note at maturity.　　　　　　　　　　　　James McNaught.

"Warner Miller.

"Wm. E. Spier."

The money upon this note was furnished by plaintiffs' testator, who thereby became the holder and owner thereof. After the said note became due the same was not duly protested, but an extension of time was granted thereupon for some weeks, after which a new note was made by the Milwaukee Southwestern Railway Company, which was the same corporation which executed the first note, with the name changed. The new note was made directly to the plaintiffs' testator, but was indorsed by the same parties who indorsed the first note. At the time of the taking of the new note the first note was delivered up to the company, although the guaranty was retained by the plaintiffs' testator. At the maturity of the second note it was not paid Notice of protest was duly served upon the indorsers. This action is brought against the defendants Miller and McNaught to enforce their liability to contribute their share as joint guarantors with the plaintiffs' testator. At the trial two questions were submitted to the jury: (1) Whether the guaranty was delivered to Spier with the intent that it should operate as a liability; and (2) whether the new note was taken in full payment of the first note, to which the guaranty was attached. The jury by their verdict found the note was delivered as a substantive liability, and that the new note was not taken in full payment of the first note, and have rendered a verdict for the plaintiff as against the two defendants for two-thirds the amount of the notes. From the judgment entered upon this verdict, and from the order denying the defendants' motion for a new trial, the defendant McNaught has appealed. The defendant Miller did not appear in the action. A stipulation, however, was entered that his liability should depend upon the determination of the liability of the defendant McNaught.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COHCRANE, and SEWELL, JJ.

Robert L. Stanton, for appellants.

Louis M. Brown (Joseph A. Kellogg, of counsel), for respondents.

SMITH, P. J.　The defendant cannot resist liability upon the ground that the time within which to pay the liability guaranteed has been extended by the taking of the new note. That extension was with the full consent of the sureties, and was in fact negotiated by the defendant McNaught, who is now defending. Now, can the de-

fendant defend by reason of the failure to charge the indorsers at the time that the note became due? The indorsers thereafter waived notice of protest upon that note, and, moreover, a failure to charge indorsers is not such a release of security as will discharge a guarantor. See Deck v. Works, 18 Hun, 266. Whether the guaranty was so delivered as to create a liability on the part of the defendant, and whether the second note was taken as full payment of the first note, were matters properly submitted to the jury, and their determination thereof is, we think, fully sustained by the evidence.

A more difficult question arises over the ruling of the trial judge excluding the evidence of the witness Wegner as to conversations had with the plaintiffs' testator. Those conversations might have been material upon either of the questions submitted to the jury. As they were excluded they are presumed to have been material, and if they were wrongfully excluded the defendant here would seem to be entitled to a new trial of the issues. The witness Wegner had been an indorser upon this first note, and was also an indorser upon the second note. He had been sued upon the second note by these plaintiffs in the state of Wisconsin. At the time of the trial he had waived the notice of protest upon the first note and was therefore liable thereupon. The objection to his testimony was that he was incompetent to swear to a personal transaction under section 829 of the Code of Civil Procedure.

The question is thus presented whether an indorser who is primarily liable on the note, and therefore liable to the sureties who were behind him who are compelled to pay the note, has such an interest that he cannot swear as to personal transactions with one of the sureties deceased in an action for contribution between the representatives of that surety and another surety. In our opinion this question has already been determined in the Court of Appeals. In Wallace v. Straus, 113 N. Y. 238, 21 N. E. 66, one W., plaintiff's testator, a stockbroker, was carrying on certain stock for S. on a margin. The margin became inadequate, and defendant executed to W. a written guaranty for any loss sustained by reason of the holding and carrying of said stock. Defendant was afterwards sued upon that guaranty, and S. was called as a witness by him, and, having testified that he gave instruction to W. in November, 1881, with reference to the sale of the stock, was asked to state those instructions. This was objected to on the ground that the witness, being the principal debtor, was interested in the event of the action, and so was incompetent to testify to a personal transaction with W. under section 829 of the Code of Civil Procedure. The objection was sustained in the court below. It did not appear that S. had received any notice from the defendant to defend, or had undertaken the defense. This ruling was held error. It was held that S. was a stranger to the action, and not interested within the meaning of the Code; that he was not bound by the litigation, and had no such legal interest in the event of the action as to preclude him from testifying as against the representatives of the stockbroker. This case is somewhat different from the case of Church v. Howard, relied upon by the respondents here, reported in 79 N. Y., at page 415. In that case the principal was a party to the action and had made de-

fault. It is more difficult to distinguish the case from the case of Lawton v. Sayles, reported in 40 Hun, at page 252; but, if the case be not distinguishable, the case of Lawton v. Sayles must be deemed to have been overruled by this case in the Court of Appeals.

In the case at bar the witness Wegner has no legal interest in the personalty of his creditor, or in the question whether he must pay the whole amount to the representatives of Spier, or in part to McNaught and Miller. If this judgment should be collected, we assume that McNaught and Miller will become equally interested with the plaintiff in his suit in Wisconsin, and would be entitled to become joint plaintiffs with him. It is argued that the witness Wegner is interested in the result, because he swears that he has a counterclaim that he proposes to set up in this Wisconsin suit against the plaintiffs. But that counterclaim is a counterclaim against all these guarantors by reason of their joint promise to construct the road in which they were all interested. His interest, then, would seem to be that the plaintiffs should succeed, in order that the Wisconsin action should be made an action by the guarantors jointly, in which that counterclaim would without question be admissible. Spofford v. Rowan, 124 N. Y. 108, 26 N. E. 350. If so, his evidence, offered in behalf of McNaught to defeat the plaintiffs' liability, would not be in his own behalf, but against his interest, which evidence is not prohibited by section 829 of the Code of Civil Procedure. Moreover, there is no proof that the plaintiff's estate is insolvent and is not liable to respond fully to any claim which the witness might have against the estate. If such be the fact, he would have no legal interest in preventing this contribution by the sureties and the consequent change of his liability from a single liability for the whole amount thereof to the plaintiff's estate to a divided liability to the three sureties contributing to pay the note. A judgment herein recovered would in no way be binding upon him, and we are unable to take the case out of the authority of the Wallace Case cited.

In our judgment, therefore, the trial court erred in rejecting the testimony of the witness, for which error the judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.