JOSEPH S. FRANKLIN, Appellant, *v.* AGNES B. KIDD, as Executrix of WILLIAM C. KIDD, Respondent.

Bills, notes and checks — presumption, by indorsement of note before delivery, that indorser is liable to the payee may be rebutted by evidence — evidence — Code Civ. Pro. § 829 — when interest of witness is contingent and uncertain, he is not disqualified under that section.

1. While the indorsement of a note, though before delivery, gives rise to a presumption that a prior indorser is liable to the payee, the presumption can be rebutted by evidence that the indorsement was in truth for the accommodation of the payee. (Neg. Inst. Law [Cons. Laws, ch. 38], § 114.)

2. One is not "a person interested in the event" under section 829 of the Code of Civil Procedure merely because the outcome may save him the trouble of another law suit. There is a difference between an interest in the event and an interest merely in the question. To make out an interest in the event, the judgment must not merely leave open the possibility of another action. It must be evidence in the other action, and evidence adverse to the witness.

3. Plaintiff was prior indorser on a note made to the order of defendant's testator and indorsed it before delivery to the payee. The bank at which it was discounted recovered judgment against this plaintiff; later the payee made payment to the bank and obtained an assignment of the judgment. Plaintiff now claims he indorsed the note for the accommodation of the payee and brings this action to restrain the enforcement of the judgment. He called the maker of the note to state a conversation with the payee which would have shown that both plaintiff and the maker signed for the accommodation of the payee. Objection was made on the ground that the transaction was a personal one with the payee, who was then dead, and that the maker was incompetent to state it. *Held*, that any interest which he might have in the outcome of this action is contingent and uncertain, and he is, therefore, qualified as a witness.

*Franklin* v. *Kidd*, 167 App. Div. 958, reversed.

(Argued October 27, 1916; decided December 28, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department,

entered March 31, 1915, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*M. F. Dirnberger, Jr.,* and *George A. Orr* for appellant. The witness Graydon would not gain or lose by the direct legal operation of a judgment in favor of the defendant. (*Connelly* v. *O'Connor,* 117 N. Y. 91; *Lecour* v. *I. & T. Nat. Bank,* 61 App. Div. 163; *Jones* v. *Thomas,* 76 App. Div. 596; *Wallace* v. *Straus,* 113 N. Y. 238.)

*Thomas C. Burke* for respondent. Franklin, *prima facie,* was an accommodation indorser on the note for the benefit of Graydon and can charge the latter with the costs of the judgment recovered by the Bank of Hamilton if he be compelled to pay it. (*Coulter* v. *Richmond,* 59 N. Y. 478; *Haddock, Blanchard & Co.* v. *Haddock,* 192 N. Y. 499; *Woodruff* v. *Leonard,* 1 Hun, 632; *McMoran* v. *Lange,* 25 App. Div. 11; *Kohn* v. *C. B. & E. Co.,* 30 Misc. Rep. 725; *Bradford* v. *Corey,* 5 Barb. 461; *Blanchard* v. *Blanchard,* 201 N. Y. 134.) At common law Graydon, by reason of his interest, would have been incompetent to testify as a witness in Franklin's behalf if, at the time of the trial, this action had been pending in its original form against Kidd. (1 Greenl. on Ev. § 327; *Wallace* v. *Straus,* 113 N. Y. 238; *Burgess* v. *Cuthill,* 6 C. & P. 282; *Hubbly* v. *Brown,* 16 Johns. 70; *Brown* v. *Hyde,* 6 Barb. 392.) The interest which disqualifies a witness under section 829 of the Code of Civil Procedure is the same which disqualified a witness at common law. (*Griswold* v. *Hart,* 205 N. Y. 384; *Eisenlord* v. *Clum,* 126 N. Y. 552.) The witness Graydon was not competent to testify to personal transactions with William C. Kidd, deceased. (*Blanchard* v. *Blanchard,* 201 N. Y. 134; *Church* v. *Howard,* 79 N. Y. 415;

*Miller* v. *Montgomery,* 78 N. Y. 282; *Riddle* v. *Moss,* 7 Cranch, 206.)

CARDOZO, J. This is an action to restrain the enforcement of a judgment.

Graydon made a note to the order of defendant's testator, Kidd. Franklin indorsed it before delivery to the payee. The note was not paid, and the Bank of Hamilton, which had discounted it, recovered judgment against Franklin. Later Kidd, the payee, made payment to the bank and obtained an assignment of the judgment. Franklin now says that he indorsed the note for Kidd's accommodation; that as between Kidd and himself, the former was the primary debtor; and that the judgment in Kidd's hands is no longer an enforcible obligation. He asks, therefore, that it be canceled.

The indorsement of the note, though before delivery, gave rise to a presumption that the indorser was liable to the payee (Neg. Inst. Law [Cons. Laws, ch. 38] § 114.) The presumption could, however, be rebutted by evidence that the indorsement was in truth for the accommodation of the payee (*Haddock, Blanchard & Co.* v. *Haddock,* 192 N. Y. 499). The plaintiff tried to prove such an agreement by the testimony of Graydon, the maker of the note. Graydon was asked to state a conversation with Kidd which would have shown that both Graydon and Franklin signed for Kidd's accommodation. Objection was made on the ground that the transaction was a personal one with Kidd, who was then dead, and that Graydon, under section 829 of the Code of Civil Procedure, was incompetent to state it.

Since Graydon was not a party to the action, he was not disqualified as a witness unless he was "a person interested in the event." An interest sufficient to disqualify him must not be "uncertain, remote or contingent" (*Connelly* v. *O'Connor,* 117 N. Y. 91, 93; *Eisenlord* v. *Clum,* 126 N. Y. 552). Gain or loss must

result to him from the judgment in its direct or immediate operation (*Connelly* v. *O'Connor, supra*).   I cannot think that such an interest has been established here.   It is said that Franklin, losing this action, may conceivably bring another action against Graydon.   It is said that he may then claim to have signed the note for the accommodation of Graydon and not of Kidd.   It is said that if he makes that claim and succeeds in persuading a court to accept it, his position toward Graydon will be that of a surety, and Graydon must then reimburse him for the costs of the present action (*Blanchard* v. *Blanchard*, 201 N. Y. 134).   True, he makes no such claim to-day.   On the contrary, he has sworn in his complaint that he signed for the accommodation of Kidd.   But the possibility that he may swear otherwise hereafter, that the court may believe him, and that costs must then be paid, is enough, we are told, to charge Graydon with an interest in this action — an interest not "uncertain, remote or contingent," but "present, certain and vested" (*Connelly* v. *O'Connor, supra*).

I cannot assent to that argument.   It seems to me to misinterpret the decisions.   To suppose that Franklin, after swearing that he signed for Kidd, will bring another action and swear that he signed for Graydon, is at best a doubtful and remote hypothesis.   But the hypothesis, if made, does not change the conclusion.   A judgment in this action favorable to Kidd will not be evidence of Graydon's liability.   It will not prove or tend to prove as against him that Franklin signed to help him.   Graydon will be free, in the improbable contingency of such a claim by Franklin, to try that issue anew.   It is true, of course, that a judgment *adverse* to Kidd will relieve Franklin of liability, and thus remove a possible, if improbable, temptation to seek reimbursement from Graydon.   But that is not enough to justify the exclusion of a witness.   One is not "a person interested in the event" under section 829 of the Code merely because the

outcome may save him the trouble of another lawsuit. There is a difference between an interest in the event and an interest merely in the question (*People* v. *Fisher,* 209 N. Y. 392; *Hobart* v. *Hobart,* 62 N. Y. 80). To make out an interest in the event, the judgment must not merely leave open the possibility of another action (*Starkweather* v. *Mathews,* 2 Hill, 131). It must be evidence in the other action, and evidence adverse to the witness.

If the possibility of another action were enough, a principal would always be interested in the event of an action against his surety. He could, therefore, never testify to a personal transaction with one deceased to the prejudice of the executor. But the rule is that he *may* testify, unless his relation to the litigation is such as to bind him by the outcome (*Wallace* v. *Straus,* 113 N. Y. 238). We need not go into a discussion of the application of that rule to negotiable paper, and the liability of makers to indorsers. If distinctions are to be drawn, they are not important now. For present purposes it is enough to say that one does not establish an interest in the event by proof that the event may tempt to other litigation. But here it is not even true that other litigation will be avoided if Franklin prevails. Whatever the outcome of this action, Graydon remains subject to an action by Kidd. He may, of course, defeat that action also, just as he might defeat one by Franklin, but it will involve the same issue. Whether he is liable to Kidd or Franklin, the measure of recovery will be the same, except that Franklin's recovery may include the costs of former actions (*Starkweather* v. *Mathews, supra ; Bowne* v. *Hyde,* 6 Barb. 392; *Jones* v. *Brooke,* 4 Taunt. 464). That is true, however, only if he indorsed for Graydon's accommodation; and there is neither evidence nor claim that he did. There is no presumption that an indorser has signed as surety for the maker (*Hubbly* v. *Brown,* 16 Johns. 70). On the contrary, the burden of proving the facts that

make out disqualification is on him who asserts it (*Cary* v. *White,* 59 N. Y. 336, 339; *Abbott* v. *Doughan,* 204 N. Y. 223, 230; 1 Greenleaf Ev. § 390). Nothing in this record justifies us in holding that the burden has been sustained.

I do not overlook the cases relied upon by the defendant. In some, as in *Church* v. *Howard* (79 N. Y. 415) and *Riddle* v. *Moss* (7 Cranch, 206) the principal, though in default, was named as a party to the action, had an opportunity to defend, and was bound by the outcome (See also: *Crampton* v. *Foster,* 29 App. Div. 215, 223; *Spier* v. *McNaught,* 121 App. Div. 330, 334). In others, as in *Jones* v. *Brooke, Bowne* v. *Hyde* and *Starkweather* v. *Mathews* (*supra*), the liability over in the event of an adverse judgment was assumed by the court and was apparently undisputed by counsel. In all, however, and that is the vital point, the relation of principal and surety was conceded. Indeed, in one case, in which the relation was not proved, the evidence was accepted (*Hubbly* v. *Brown, supra*).

In the case at bar the relation of suretyship is *not* conceded. The putative principal and the putative surety unite in disclaiming it. No judgment that can be rendered in this action will establish it. We are asked to hold that a claim which no one threatens, a liability which is repudiated by the only man who could enforce it, is a present and certain menace.

My conclusion is that any interest which Graydon has in the outcome of this action, either to avoid the costs or otherwise, is contingent and uncertain, and that he is, therefore, qualified as a witness.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, HOGAN and POUND, JJ. concur; COLLIN, J., concurs in result; CUDDEBACK, J., not voting.

Judgment reversed, etc.