ROSA FRANK, Appellant, *v.* REBECCA WITLIN, Individually and as Administratrix of SAMUEL BROWN, Deceased, Respondent.

First Department, June 16, 1922.

Vendor and purchaser — action by purchaser to compel specific performance — copy of contract annexed to complaint — answer admitted agreement as pleaded — agreement containing interlineations not admissible in evidence — witnesses — broker not interested witness within meaning of Code of Civil Procedure, § 829 (Civil Practice Act, § 347) — trial — error for court to make findings and dismiss complaint before defendant rested — error to find fraud where issue not involved.

In an action by a purchaser to compel the specific performance of a contract, the complaint had annexed thereto an alleged copy of the contract. The answer admitted the agreement as pleaded in the complaint. On the trial the plaintiff offered in evidence a paper bearing the signature of the owner who died after the action was commenced, which differed in a material respect from the copy annexed to the complaint, in that it contained certain interlineations. It was undisputed that when the owner signed the paper it was all in typewriting without any interlineations, and that the interlineations were made by the plaintiff's daughter in the absence of the owner.

*Held,* that the contract offered in evidence was not admissible as it tended to vary the terms of the contract as pleaded, and also contradicted the allegations of the complaint.

The broker in the transaction who was to receive commissions from the purchaser was not an interested witness, within the meaning of section 829 of the Code of Civil Procedure (Civil Practice Act, § 347), and was competent to testify as to conversations with the owner in reference to the interlineations.

It was error for the trial court to make findings of fact and dismiss the complaint on the merits at the close of the plaintiff's case where the defendant had not rested.

It was error also for the trial court to find that the interlineations and changes were made or caused to be made without the knowledge or consent of the owner and for the purpose of defrauding him, for there was no issue of fraud and no evidence produced upon that question.

APPEAL by the plaintiff, Rosa Frank, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Bronx on the 28th day of January, 1922, upon the decision of the court, rendered after a trial at the Bronx Special Term, dismissing the complaint upon the merits at the close of the plaintiff's case.

*Abraham H. Sarasohn,* for the appellant.

*Mork & McKiniry [R. F. McKiniry* of counsel], for the respondent.

GREENBAUM, J.:

The action was brought to compel the defendant specifically to perform an alleged contract in the nature of a binder executed by one Samuel Brown for the sale to the plaintiff of certain property known as 1371 Washington avenue, borough of The Bronx.

The action was commenced against Brown on September 21, 1921. Issue was joined on October 11, 1921. Shortly thereafter Brown died intestate and the action was continued by order of the court against his sole heir, his daughter, defendant, Rebecca Witlin.

The complaint alleged the execution of a so-called agreement in writing, a purported copy of which was thereto annexed. The answer admitted the execution of the paper writing and set up as a separate defense that the plaintiff was financially unable to perform her part of the so-called agreement within the time therein specified, time being of the essence.

Although the defendant's answer admitted the agreement, a copy of which was annexed as pleaded in the complaint, the plaintiff sought to introduce in evidence a paper bearing the signature of the deceased Samuel Brown, but which differed in a material respect from the copy annexed to the complaint. Objection was made to its introduction upon the ground that it showed a number of interlineations which had not been proven to have been made at the time it was executed and that it was at variance with the copy pleaded.

The following is a copy of the material portions of the document annexed to the complaint. The italicized portions indicate the interlineations:

" Received check for $100 as a binder for sale of property 1371

Washington Ave., Bronx to be sold by I. Goldberg, broker, to Mrs. Rosa Frank for the price of $20,000 upon which property there is a first mortgage of $10,000 which is to be extended from April, 1922, to 1927. *It is agreed to pay to Mr. Brown $36.00 for making the extension of the first mortgage to September 14, 1921.* Contract to close on or before September 9, 1921, and $400 cash to be paid on closing of contract. $3,500 to be paid on closing of title, on or about December 1, 1921, and the balance of $6,000 to be in second mortgage for five years payable in installments of $300 every 6 months, with interest at 6%. *The balance of $3,000 will be paid at the end of five years; also with 30 days' notice.*  *  *  * Also it is understood that the broker Mr. I. Goldberg should not receive any commission or brokerage money from Mr. S. Brown the owner, but to arrange for commission for the purchaser."

It is undisputed that when Brown signed the paper it was all in typewriting without interlineations. The testimony also showed that the portions italicized were written in with pen and ink by plaintiff's daughter at her mother's home in the absence of Brown. The variance between the paper which plaintiff sought to put in evidence and the copy annexed to the complaint is in respect of the interlined words, " to September 14, 1921." In the copy pleaded those words appear in connection with the extension of the " first mortgage," whereas in the paper offered they are inserted by means of a caret after the words " before September 9, 1921," on the following line, for the purpose, as plaintiff contends, of extending the time of closing the contract from September ninth to September fourteenth. In this connection it is to be noted that the typewritten words " September 9 " were not stricken out. The words " to September 14, 1921," in the position in which they appear in the copy annexed to the complaint, are meaningless. Concededly the contract was not closed " on or before September 9," and the important question arises whether the words " September 14, 1921," were written in with the consent of Brown for the purpose of extending the time of closing the contract or whether they were interpolated without his knowledge. The paper in question, which was signed only by Brown, was somewhat in the nature of an option, as a preliminary to a formal agreement of purchase and sale of the premises which was to be executed " on or before September 9th, 1921."

In view of the variance between the paper offered in evidence and the copy annexed to the complaint, the court was justified in excluding any proof which tended to vary the terms of the latter and which contradicted the allegations in the complaint. No motion was made by the plaintiff to amend the complaint,

so as to allege the making of the contract which plaintiff offered in evidence. The plaintiff sought to establish through the testimony of the broker, Goldberg, that he called upon Brown at the latter's home after the interlineations had been made and had a conversation with him. He was, however, not permitted to testify as to what the conversation with the deceased was, on the ground that he was an interested witness, within the meaning of section 829 of the Code of Civil Procedure and section 347 of the Civil Practice Act. We are of opinion that the witness was not shown to be interested in the event within the meaning of section 829 and section 347. (*Franklin* v. *Kidd*, 219 N. Y. 409.)

When the plaintiff rested her case a motion was granted to dismiss the complaint upon the grounds that plaintiff had failed to establish a cause of action and that the plaintiff " failed to come into court with clean hands."

The trial court also saw fit to make a formal decision in which he found that the interlineations and changes in the paper executed on September 7, 1921, were made or caused to be made without the knowledge or consent of Brown and for the purpose of defrauding him and dismissed the complaint on the merits.

The learned trial justice erred not only in making findings of fact and dismissing the complaint on the merits on the plaintiff's case, when the defendant had not rested, but also because there was no issue of fraud and no evidence thereof adduced upon that question. Besides, the answer admitted the allegations of the complaint that the parties had entered into an agreement, a copy of which was annexed, and a comparison between the paper offered in evidence and the copy annexed to the complaint shows that they are alike excepting as to the allocation of the words " to September 14, 1921," excepting only that there was nothing to indicate from the copy annexed to the complaint that the original contained interlineations.

As previously observed, the plaintiff made no application to the court during the trial for leave to amend the complaint, and indeed if the amendment were granted, the court doubtless would at the same time have granted leave to the defendant to answer the amended complaint. In such case the defendant could, as is claimed in her brief, have set up in her answer the Statute of Frauds since the contract as originally signed by Brown was in typewriting, without any interlineations, and the paper sought to be put in evidence was not re-executed by Brown or initialed by him after the interlineations had been made nor was there any writing signed by him modifying the original contract.

Upon the facts as they appeared when the plaintiff rested no

case had been established and it is difficult to see how the plaintiff could possibly have overcome the variance between the complaint and the paper offered, short of an amendment of the complaint.

However, if Goldberg's testimony, which was erroneously excluded, had been taken, the trial court might have granted leave to plaintiff upon proper terms to amend.

We think that the interests of justice will best be served by setting aside the judgment and granting a new trial upon condition that plaintiff move within thirty days after entry of the order herein to amend her complaint and upon failure so to move as above provided, or in the event the motion should be denied, then the complaint should be dismissed, with costs.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Judgment reversed and new trial ordered on condition that plaintiff move for leave to amend, and upon failure so to move or in the event of denial of such motion, complaint dismissed, with costs.