Lewis C. Franco, Plaintiff, v. Louise M. Swartz, Defendant.

Supreme Court, New York County, January 4, 1928.

Bills and notes — action on promissory notes indorsed by defendant — complaint alleges notes were given for purchase of stock — answer, alleging notes were merely for plaintiff's accommodation, raised issue to be determined at trial — summary judgment denied.

In this action on three promissory notes, payable to plaintiff's order and indorsed by defendant, defendant's answer reciting that the notes were given for the purchase of stock, and were merely for plaintiff's accommodation, raises an issue to be determined at the trial, and plaintiff's motion for summary judgment should be denied.

The presumption that an indorser before delivery is liable to the payee may be rebutted by parol evidence that the indorsement was understood to be for the accommodation of the payee.

Motion by the plaintiff for summary judgment.

*Godfrey & Marx*, for the plaintiff.

*David Schwaber*, for the defendant.

Frankenthaler, J. The plaintiff has moved for summary judgment under rule 113 of the Rules of Civil Practice. The action is on three promissory notes, payable to plaintiff's order and indorsed by the defendant. The complaint alleges that the indorsements were made prior to the delivery of the notes to the plaintiff and were for the purpose of giving credit thereto with plaintiff and with intent by the defendant to charge herself as indorser. The defense set up in the answer is that the defendant indorsed the notes for the accommodation of the plaintiff and received no consideration. The plaintiff's affidavits show that the notes were executed pursuant to a written contract between the plaintiff and the maker, a corporation, whereby the latter agreed to purchase

certain shares of stock from the plaintiff and to give in part payment therefor promissory notes to be indorsed by the defendant. The defendant also agreed in writing to indorse the notes. The defendant and her husband were respectively secretary and president of the corporation and controlled it. The defendant, however, asserts that it was understood and agreed that her indorsements were merely for the plaintiff's accommodation, so that the notes would be two-name paper which the plaintiff might discount at his bank. I am of the opinion that the answer, supported by the defendant's affidavit, raises an issue to be determined at the trial. The presumption that an indorser before delivery is liable to the payee may be rebutted by parol evidence that the indorsement was in truth understood to be for the accommodation of the payee. (*Franklin* v. *Kidd*, 219 N. Y. 409; *Haddock, Blanchard & Co.* v. *Haddock*, 192 id. 499.) It is true that the natural inference from the written agreement is that the defendant's indorsement was to be for the accommodation of the corporate maker, so that this agreement supports the presumption and renders improbable the defendant's version of the transaction. The defense is, however, an arguable one; it raises a real issue, and the motion must be denied. Order signed.