Probate Court of Tuscarawas County.

MEYER, EXRX., V. BIGLER ET AL.

Decided March 21, 1929.

*Bowers & Bowers*, for plaintiff.

*Seikel, Hill & Seikel*, and *H. H. Hostetler*, for defendants.

LAMNECK, J.

Edwin W. Meyer died testate on August 17, 1926, and his wife, Daisy A. Meyer, was appointed executrix of his estate. Mr. Meyer was engaged in the tailoring business, which he operated for a number of years under the name of "The Meyer Tailoring Company." On Sept. 27, 1909, he opened up a checking account in the First National Bank of Dover, Ohio, in the name of D. A. Meyer. He signed this name to the signature card, which the bank required, made all the deposits, and wrote all the checks, to which he signed the name of D. A. Meyer. This account was closed Oct. 29, 1925. No reason is given in the evidence, why this checking account was carried in this manner.

On December 28, 1911, he opened up a savings account in the State Savings Bank Company, of Dover, in the name of D. A. Meyer, made all the deposits, had control of the pass book, and made all the withdrawals personally. Withdrawals were made as follows:

Sept. 17 1913 $ 50.00 leaving a balance of $542.54
Oct. 31 1913 200.00 342.54

| | | | |
|---|---|---|---|
| Nov. 19 1913 | 370.00 | | 4.54 |
| Mar. 23 1916 | 80.00 | | 27.08 |
| Oct. 1 1918 | 220.00 | | 9.12 |
| Jan. 8 1924 | 350.00 | | 71.39 |
| Oct. 16 1925 | 186.95 | closing the account. | |

All of the withdrawal orders are signed D. A. Meyer, with the exception of the one under date of Nov. 19, 1913, which is signed Mrs. D. A. Meyer, and the one of Jan. 8, 1924, which is signed D. A. Meyer—E. W. Meyer. The decedent signed all the withdrawal orders, using the signatures above indicated. The president of the bank testified that he was not very well acquainted with the decedent, when he opened up the savings account, and that he was under the impression that D. A. Meyer was his own name. He stated he learned otherwise, some time later.

A comparison of the account in both banks shows that on March 23, 1916, when the decedent withdrew $80 from the savings account in the State Savings Bank Company, he made a deposit of $80 on the checking account in the First National Bank.

The widow admits that the checking account was used exclusively in the decedent's business, but she makes a claim against the estate of the decedent as executrix, claiming that the entire amount deposited in the savings account, from Dec. 28, 1911, to October 16, 1925, amounting to $1,456.95 was her own property and was wrongfully withdrawn by the decedent. She bases her contention on a statement, which the decedent made to her brother, several years before his death, the exact time being undetermined, to the effect that the decedent stated he was opening up a savings account for his wife in the State bank, to pay her for work, which it is alleged she performed in the decedent's business.

As this action is not based on a claim for services, the only basis for the widow's action would be that the deposits made in the initials of her name were intended as a gift.

The necessary elements to constitute a valid gift are:
1. An intent to give on the part of the donor.
2. A delivery of the thing given.
3. An acceptance by the donee.

As an acceptance may be implied, where the gift is otherwise complete and beneficial to the donee, that element may be passed without further consideration.

Did Edwin W. Meyer intend to give these deposits to his wife, when he made them? It is reasonable to assume that a person who deposits his own money in a savings bank to the credit of another person may have an intention to give the money to the other.

But to show that a gift was intended, there must be more proof than the fact that deposits were so made. There must be proof showing an intention of divesting himself of ownership, because there are many reasons why a person may make deposits of his own money in the name of another, when he has no intention of making a gift. Many persons do so, to veil or conceal from others knowledge of their pecuniary condition. When a person desires to make a deposit in the name of another, without divesting himself of ownership, it is natural that he would use the name of a member of his own family instead of a stranger. The only proof offered in this case to show that the decedent intended to make a gift to his wife, is the statement made to the brother of the wife that he intended to open a savings account for her. Even if this could be accepted as an intention to give, before it could be effective, there must be proof of delivery. The court believes that there was absolute failure of such proof. The name signed to the signature card was made by the decedent. The wife never signed a signature card. She could not have withdrawn the funds because the bank according to their rules, would not have accepted her signature, because it would not have been similar to that on the signature card. There is no proof that the pass book was ever delivered to the widow or even in her possession prior to the decedent's death. If the pass book had been delivered by the decedent to the wife, with intent to give

her the deposits, then there would have been a constructive delivery and title would have passed. The fact that all of the money had been withdrawn by the decedent in a lawful manner, for nearly a year prior to his death, and most of it several years before his death, also tends to prove that there had been no delivery.

The court cites the case of *Beaver* v. *Beaver et al.*, 117 N. Y., 94, 22 N. E., 940.

The claim will, therefore, be denied.