MARY C. RANK, Appellant, *v.* AUGUSTUS H. GROTE et al., Respondents.

In an action of ejectment, brought by an heir-at-law and devisee of a deceased member of a firm to recover an interest in certain real estate which had been conveyed to the deceased partner individually, the defense was that the real estate was, in fact, firm property, purchased and paid for with partnership funds, and held by the grantee as trustee for the firm. The grantor was called as a witness by defendants, and was asked to state the personal transaction which took place between him and the deceased at the time of the sale of the premises and execution of the deed. It was objected, that the testimony was inadmissible under section 829 of the Code of Civil Procedure. *Held*, untenable; that the witness was not interested in the question, and was not a person from, through or under whom defendants derived their title, nor did they succeed to his interest within the meaning of that section.

Also, *held*, that oral evidence was admissible of the facts constituting the defense.

(Argued April 30, 1888; decided June 5, 1888.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, made January 9, 1884, which affirmed a judgment in favor of defendants, entered upon a verdict directed by the court. (Reported below, 18 J. & S. 275.)

This was an action of ejectment brought by plaintiff, as one of the heirs-at-law of Frederick Grote, deceased, and a devisee under the will, to recover possession of an interest in certain premises in the city of New York.

The defense was that the premises, although deeded to said Grote, was, in fact, the property of a firm composed of the deceased and the defendants, formerly doing business under

the firm name of " F. Grote ; " that it was purchased and paid for by said firm and used in the partnership business, and since the death of Grote used and occupied by defendants as surviving partners.

The facts, so far as material, are stated in the opinion.

*Amasa J. Redfield* for appellant.   Mr. Steinway's answers and conduct upon the trial betrayed a bias and partisanship which raised questions as to his credibility and required the submission of the questions involved to the jury. (*Gildersleeve* v. *Landon,* 73 N. Y. 609 ; *McNulty* v. *Hurd,* 86 id. 574 ; *Kavanagh* v. *Wilson,* 70 id. 177 ; *Sheridan* v. *May,* 8 Hun, 424 ; *Brooklyn C. R. Co.* v. *Strong,* 75 N. Y. 591) There was evidence in abundance upon which the jury could find a verdict for the plaintiff. (*Corning* v *Troy, etc., Factory,* 44 N. Y. 578 ; *Dwight* v. *Germania Life Ins. Co.,* 103 id. 359 ; *Phœnix Ins. Co.* v. *Doster,* 106 U. S. 30.)   Under section 829 of the Code of Civil Procedure, Mr. Steinway was clearly precluded from testifying to the matters included in his examination. (*Foote* v. *Beecher,* 78 N. Y. 155.) The testimony was incompetent to vary the writings. (*Mott* v. *Richtmeyer,* 57 N. Y. 49.)   An opinion of a witness is inadmissible upon a state of facts equally apparent to the jury. (*Allen* v. *Stout,* 51 N. Y. 668.)

*G. W. Cotterill* for respondents.   As matter of law, it is competent to show the purposes for which the property was bought, as also the understanding between the partners, and the resulting trust in behalf of each of the partners to the other by parol evidence. (*Fairchild* v. *Fairchild,* 64 N. Y. 471, 479, 480.)

PECKHAM, J.   The documentary evidence in this case showed title in the plaintiff to a one-third interest in the land in question.   That is all the evidence which was offered on her part.   The defendant then offered evidence which was received for the purpose of explaining the documentary proof given on the part of the plaintiff, and to show that the real

estate in question was actually partnership property, purchased for the purposes of the partnership and paid for with partner-ship funds    After a careful perusal of all the evidence taken on the trial (and it was uncontradicted), we think the case for the defendant was so conclusively proved as to leave no ques-tion for the jury    It is quite unnecessary to set forth here the evidence which was thus taken.    We have given the able argument of the appellant full consideration, but our opinion in regard to the conclusive character of the evidence for the defendants remains the same.

It is conceded that if the title to the real estate was in the partners surviving, this action of ejectment cannot be main-tained.   Upon the trial the defendants called as a witness William Steinway, who was the grantor of the premises in question in the deed from William Steinway and wife to Frederick Grote. The grantee, Frederick Grote, was the deceased partner in the firm, the surviving members of which, as defendants alleged, were the owners, as such, of the land in question.    When the witness Steinway, being such grantor, was asked by the counsel for defendants to state the personal transaction which took place between the witness and the deceased grantee and partner, at the time of the sale of the premises and the execu-tion of the deed, the plaintiff's counsel objected to the evi-dence as not admissible for several reasons, one of which was that section 829 of the Code prohibited it.

We do not think the evidence is within the mischief of the statute.    The witness was wholly disinterested in the question in reference to which he was sworn.    To make it out partner-ship property did not render the surviving partners personally liable to pay for the land, in the absence of any personal obligation, for the method of payment was agreed upon, and was in writing, and did not include the personal obligation of either.

Nor does it seem to us that the facts of this case make out the witness to be a person from, through or under whom the defendants derived their interest or title within the meaning of the statute under consideration.    The person from, through

or under whom the title came within that meaning, was, as we think, Frederick Grote, the deceased partner and grantee. The plaintiff claims by will from him, and the defendants seek to destroy that claim by proof that the surviving partners have title through Frederick Grote as the grantee for the partnership, and for which he was a trustee, and from whom each had a deed of a designated interest in the property. This makes Frederick Grote the individual who had the whole legal title, and the defendants did not derive their title from, through or under Steinway, and do not succeed to his title or interest within the meaning of the section mentioned, but do derive such title from Frederick Grote. The evidence was not, therefore, objectionable on that ground.

The other ground of objection was, that the oral evidence was inadmissible to alter the effect of the deed from Steinway to Frederick Grote. Such evidence is clearly admissible for the purpose of holding the grantee as trustee for the firm. (See *Fairchild* v. *Fairchild*, 64 N. Y. 471.)

There are no other exceptions which require notice.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.