LANIE M. PETRIE, Respondent, v. MORGAN PETRIE et al., Appellants.

*Supreme Court, Fourth Department, General Term, July* 20, 1889.

1. *Will. Testamentary capacity.*—The finding of the jury as to the testator's incapacity, upon conflicting evidence, on the issue of his capacity, will be sustained.

2. *Same.*—Though the testimony of the attorney, who drew the will, tends to show that the testator knew what he was about, and comprehended the character of the instrument he was making, and the acts and conversation of the deceased impressed the subscribing witnesses as rational, it cannot be said, as matter of law, that this part of the evidence is controlling, but it must all be taken together.

3. *Same. Undue influence.*—If the testator was not competent to make the will, it is immaterial whether or not there was undue influence.

4. *Witness. Section* 829.—An interested witness may testify to a conversation between decedent and another person, though mentioned in it, if he took no part therein.

5. *Same.*—A witness, after having detailed transactions with, or concerning, the deceased, may be allowed to state whether such transactions, as detailed by him, impressed him at the time as rational or irrational.

6. *Same. Subscribing witnesses.*—A subscribing witness cannot be asked directly or in effect to compare what he has not described with what he may have seen on previous occasions. If the party asking the question desires the benefit of the exceptional rule applicable to subscribing witnesses, the form of the question should distinctly indicate the fact.

Appeal from an order denying a motion made upon the minutes for a new trial.

The action is brought for the partition of certain real estate in the town of Vernon, Oneida county, owned by Nicholas H. Petrie at the time of his death. Petrie died on May 23, 1883, aged about eighty-seven years. The plaintiff is one of his heirs-at-law, and as such claimed to own an

undivided one-fourth of the real estate. The other heirs-at-law are made parties-defendant.

It is also alleged in the complaint that the defendant, Morgan Petrie, claims the whole of the premises under a will of said deceased, but that such will was not legally executed; that the deceased was not, at the time, competent to make a will, and that it was procured by undue influence. The defendants, Morgan Petrie and Kate Petrie, his wife, answered, setting up, among other things, the will.

The court, upon motion to settle the issues, ordered that three questions be submitted to a jury:

*First.* As to whether the will was, in form, properly executed.

*Second.* " Was the said Nicholas H. Petrie, at the time of the claimed execution of said paper, mentally competent to make a will and devise of real estate?"

*Third.* " Was the said paper, purporting to be a will, procured, or executed through or by any duress, undue influence or fraud?"

Upon the trial it was conceded that the will was, in form, properly executed, and the jury, by their verdict, answered the second question, no, and the third, yes.

Upon the coming in of the verdict, the defendants made a motion for a new trial " upon the minutes of the judge," on the ground that the verdict is contrary to the evidence, and is against the weight of the evidence, and that there is not evidence enough to sustain the verdict, and also on the ground that the verdict is contrary to law, and on the exceptions taken to the rulings of the judge upon the trial.

This motion was denied and the defendant, Morgan Petrie, appealed.

*Edwin J. Brown*, for appellant.

*C. D. Prescott*, for respondent.

MERWIN, J.—It is claimed by the defendant that the evidence was not sufficient to sustain the verdict on the ques-

tions of mental competency and undue influence. We are of the opinion that the evidence called for the submission to the jury of the question of mental capacity, and that it was sufficient to sustain the verdict in that regard.

The deceased, at the time of making the will, was of the age of eighty years and upwards, and many circumstances were shown in regard to the testator, occurring at or about that time or before, indicating an enfeebled mental condition, and the force or weight of these circumstances, as applicable to the issue, was peculiarly for the jury to determine. The testimony of the attorney who drew the will tends to show that the testator knew what he was about, and comprehended the character of the instrument he was making, and the acts and conversation of the deceased impressed the subscribing witnesses as rational. Still it cannot be said as matter law that this part of the evidence is controlling. It must all be taken together. No fault is found with the charge of the court. The result arrived at by the jury on this question should not be disturbed.

It is doubtful whether the evidence is sufficient to sustain the finding on the subject of undue influence. Still that would not be sufficient ground for a new trial as long as the finding of incapacity is sustained. The will would fall irrespective of the question of undue influence. If the testator was not competent to make it, it is not material whether or not there was undue influence.

It is claimed by the defendant that the court erred in allowing the plaintiff, as a witness on her own behalf, to testify to certain conversations between the deceased and the defendant, Morgan Petrie. After having testified, without objection, that she heard a conversation between Morgan and her father, in which she had no part, that she could see them in the barn where they were, and hear them talk, and she was a short distance from the barn, where they could see her if they looked that way, she was asked with reference to that conversation: "What conversation did

you hear between Morgan and your father that morning?"

This was objected to by the defendant as inadmissible, under section 829 of the Code. The objection was overruled and exception taken. The witness answered: "They were talking about making a will; I heard Morgan ask him how he was going to make it; I heard father say that he wanted to give me my home there and support, and Morgan said: Give her some money; I didn't hear any more; they started for Oneida in a short time."

This evidence was admissible within the ruling in Lobdell *v.* Lobdell (36 N. Y. 327), approved in Cary *v.* White (59 N. Y. 336), Badger *v.* Badger (88 N. Y. 559), and recognized in Holcomb *v.* Holcomb (95 N. Y. 325), and Lane *v.* Lane (95 N. Y., 502), followed in Stern *v.* Eisner (51 Hun, 224; 21 N. Y. State Rep. 388.) If the testimony of the witness that she took no part in the conversation had been objected to, a more serious question would have arisen.

The evidence in fact objected to was not concerning a personal transaction or communication between the witness and the deceased. The fact that her name may have been mentioned, as long as she took no part in the matter and was not referred to as being present, does not make her a party.

The question only called for what occurred between Morgan and the deceased. The Holcomb Case is relied on by the defendant's counsel. The evidence there held inadmissible was materially different from the evidence here admitted.

The other conversations that the plaintiff was allowed to testify to presented substantially the same question. The questions called for what Morgan said to the deceased and were given by the witness after she had testified, without objection, that she had no personal connection with the transaction.

Several witnesses, after having detailed transactions with or concerning deceased, were allowed to state whether or

not the transactions as detailed by them respectively impressed them at the time as rational or irrational. We think that the rule laid down in Clapp *v*. Fullerton (34 N. Y. 190), was in substance followed.

One of the witnesses to the will, being upon the stand as a witness for the defendant and having testified as to what occurred when he witnessed the will and that the conversations and acts of the testator, detailed by him, impressed him at the time as perfectly rational, was asked the question, "was there anything in his manner or in his appearance different from what you had seen for the years past?" This was objected to generally by the plaintiff, and objection sustained and exception. This ruling is claimed to be erroneous within the rule that a subscribing witness can give his opinion generally as to the soundness of mind of the testator. Clapp *v*. Fullerton, 34 N. Y. 190.

The question strictly construed did not call for that, and, from what had previously occurred in the case, it may be inferred that it was not designed to do so. The witness had not described the manner or appearance of the testator at that time; he had stated the conversation and what was done. So that the witness was in effect asked to compare what he had not described with what he may have seen on previous occasions. In this view the ruling was not erroneous. If the party asking the question desired the benefit of the exceptional rule applicable to subscribing witnesses, the form of the question should have distinctly indicated it. Besides, in substance, the previous answer of the witness, that the acts and conversation of the testator impressed him at the time as perfectly rational, covered pretty much the whole gronnd.

We think there was no substantial error in the ruling.

The other objections presented on the part of the defendant we have examined, but find no cause for reversal.

The order should be affirmed, with costs.

MARTIN, J., concurs; HARDIN, P. J., concurs in result.