### ABBOTT v. DOUGHAN.

(Supreme Court, Appellate Division, Third Department. May 4, 1910.)

WITNESSES (§ 143*)—COMPETENCY.

In an action against an administratrix to recover possession of a ring, which plaintiff claimed to have loaned to defendant's intestate, one who sold the ring to plaintiff was not incompetent to testify to the sale and loan, as a person under whom plaintiff derived her interest, within Code

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Civ. Proc. § 829, providing that one through whom a party derives his title shall not be examined as a witness against the executor, etc., of a deceased person, etc.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 619–624; Dec. Dig. § 143.*]

Kellogg, J., dissenting.

Appeal from Trial Term, Broome County.

Action by Carrie Belle Abbott against Alice E. Doughan, individually and as administratrix of the goods, etc., of James Doughan, deceased. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Hinman, Howard & Kattell (Archibald Howard, of counsel), for appellant.

Curtiss, Keenan & Tuthill (Theodore R. Tuthill, of counsel), for respondent.

SMITH, P. J.  Plaintiff has brought this action to recover possession of a diamond ring, which she claims to have loaned to James Doughan, defendant's intestate. From a judgment entered upon the verdict of a jury in favor of plaintiff, and from an order denying defendant's motion for a new trial, this appeal is taken.

One question only is raised by the appeal. This ring was purchased of one Ash, a jeweler, who was sworn as a witness for the plaintiff, and who testified in effect that the ring was purchased by the plaintiff and loaned to the defendant's intestate; that such purchase and loan were made at a time when defendant's intestate was present and took part in the transaction. This testimony was objected to on the part of the defendant as incompetent, under section 829, upon the ground that Ash was a person under whom the plaintiff derived her interest to the ring in question. The objection was overruled, and the defendant excepted to the ruling.

In Rank v. Grote, 110 N. Y. 12, 17 N. E. 665, one of the heirs of Frederick Grote brought ejectment against defendants for certain land in the possession of the defendants. The plaintiff's case was made by the introduction of a deed from one Steinway and wife to Frederick Grote. The defense to the action was based upon the claim that, although the title to the land was taken in the name of Frederick Grote, the land was paid for by moneys of a partnership, in which Frederick Grote was a member, and that title was taken in the name of Frederick Grote in trust for the benefit of the partnership. To prove the defense, the grantor, William Steinway, was offered as a witness, and was allowed to testify to personal transactions with Frederick Grote, the deceased. This testimony was given over the objection that Steinway was an incompetent witness, under section 829. The court in its opinion says:

"We do not think the evidence is within the mischief of the statute. The witness was wholly disinterested in the question in reference to which he was sworn."

In Squire v. Greene, 38 App. Div. 431, 56 N. Y. Supp. 551, the trial involved the respective priorities of three mortgages, the holders of which derived their title from one Nafis, who had died prior to the commencement of the action. The assignor of two of the mortgages to Nafis was allowed, against objection, to testify to personal transactions with Nafis concerning such mortgages. Judge Cullen, then a member of the court, in writing for a unanimous court, says:

"The present holders of the three mortgages, over the relative priorities of which we have this controversy, each derived her title from William H. Nafis, who died prior to the commencement of these actions. Maria N. Anderson, as appears by the report on the former appeal, at one time held both the $3,000 mortgage, now owned by the respondents, and the $1,800 mortgage, now owned by the plaintiff Squire. She assigned these to Nafis. Mrs. Anderson testified as a witness on behalf of the respondents to personal transactions with the deceased, Nafis, relating to these mortgages. The appellants insist that Mrs. Anderson was not a competent witness as to these transactions, for the reason that the respondents trace their title from her. We think the objection is not well founded. The title of Mrs. Anderson is not in dispute, and had ceased by assignment to Nafis, under whom all parties claim, anterior to the transactions out of which the controversy grows. She has no possible interest, nor do the respondents claim as successors to her rights. The exclusion of her testimony certainly does not come within the spirit of the section of the Code of Civil Procedure, nor in our view within its terms. If the action were for a piece of real estate, and dependent upon the validity of a will, could it be seriously urged that a witness was disqualified from testifying to personal transactions with the testator by the fact that many years before he had owned the property in dispute?"

Upon a subsequent appeal in this same case, this principle was reiterated by the same court, as appears in 47 App. Div. 636, 62 N. Y. Supp. 1148, and the decision therein given was affirmed by the Court of Appeals upon the opinion below in 168 N. Y. 659, 61 N. E. 1135. See, also, Rockwell v. Peck (decided in this department) 13 App. Div. 621, 622, 43 N. Y. Supp. 196.

We are referred to no cases by the learned counsel for the appellant, and we have been able to find none, wherein a witness has been held disqualified as a person from whom a party derived his interest in the litigation, unless such witness had some privity with the deceased person. If title had not passed, would the witness be disqualified? If so, the witness could not qualify himself by passing title, with or without warranty. Here the witness neither has nor ever had any interest in this issue, and there can be no reason for holding the Code provision applicable to his testimony. In Cary v. White, 59 N. Y. 336, in referring to section 399 of the old Code, Judge Johnson says:

"The various phrases employed in the statute to express the relation of the deceased, which precludes testimony from the opposite party, as to personal transactions or communications with the deceased, indicate that the ruling idea is that of succession in interest to the deceased. It is against his executor, administrator, heir at law, next of kin, assignee, legatee, devisee, or survivor, that evidence of his personal transactions and communications with the other party cannot be proved by such party. The party standing in each of these relations is considered as representing an interest which the deceased had, or is claimed to have had, at the time of the transaction or communication sought to be proved, which interest was subsequently devolved on such party."

.While the decision in this case construed another provision of the statute, it would seem to me that the same principle must apply to the provision of the statute in question, and disqualify a witness from whom a party derived title only when such witness was, when the owner of the title, interested in the question at issue in such a manner as would then disqualify him.

The appellant seeks, however, to avoid the force of these authorities by asserting a claim of title from Ash himself, and not from the plaintiff, and therefore claiming a privity with Ash which would disqualify the witness. But this argument would seem to be a felo de se. The statute disqualifies only certain vendors of the plaintiff. If the witness is shown to be a vendor of the plaintiff, then within the authorities the witness has no such relationship with the deceased as would make his evidence incompetent. If the witness be the vendor of the deceased, then there can be no ground of disqualification found in the statute. So that in either case the witness would seem to be competent, and the ruling of the learned trial judge was right.

The judgment and order should therefore be affirmed, with costs.

Judgment and order affirmed, with costs. All concur, except KELLOGG, J., who dissents.