CARRIE BELL ABBOTT, Respondent, *v.* ALICE E. DOUGHAN, Individually and as Administratrix of the Estate of JAMES DOUGHAN, Deceased, Appellant.

Evidence — witness — disqualification of witness under section 829 of Code of Civil Procedure must be shown by party objecting to testimony of such witness — witness may show conditions permitting him to testify — when testimony of such a witness not incompetent.

1. It is not incumbent on a party offering the testimony of a witness to establish that he is not disqualified, but his disqualification

is to be made out by the party alleging his incompetency as to any particular matter, and the rule seems to be established that a witness who might be disqualified may by his own testimony show the existence of conditions permitting him to testify concerning the acts of a deceased person.

2. In this action brought for conversion, a witness for the plaintiff testified that the plaintiff purchased a ring of him and paid for it, and that at the time it was delivered, by parol agreement between the plaintiff and defendant's intestate, the ring was loaned to the latter, the title and ownership being retained by the plaintiff. *Held*, that this evidence was competent under section 829 of the Code of Civil Procedure, that the witness was not "a person from, through or under whom" plaintiff derived her "interest or title by assignment or otherwise" within the meaning of the Code.

*Abbott* v. *Doughan*, 138 App. Div. 608, affirmed.

(Argued December 20, 1911; decided January 23, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 11, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Archibald Howard* for appellant. The court erred in permitting Ash, the plaintiff's alleged vendor, to testify in the plaintiff's behalf against the defendant administratrix concerning the personal transactions and communications between the witness and the decedent in connection with the sale of the ring. (Code Civ. Pro. § 829; *Matton* v. *Young*, 45 N. Y. 696; *Buck* v. *Stanton*, 51 N. Y. 624; *Chadwick* v. *Fonner*, 69 N. Y. 404; *Pope* v. *Allen*, 90 N. Y. 298; *Smith* v. *Cross*, 90 N. Y. 549; *Mullins* v. *Chickering*, 110 N. Y. 513; *Mason* v. *Prendergast*, 120 N.Y. 536; *Wangner* v. *Grimm*, 169 N. Y. 421; *O'Brien* v. *Weiler*, 140 N. Y. 281; *Holcomb* v. *Holcomb*, 95 N. Y. 316.)

*Thomas J. Keenan* and *Theodore R. Tuthill* for respondent. The exceptions to Mr. Ash's testimony were

not well taken. (*Rank* v. *Grote*, 110 N. Y. 12; *Squire* v. *Green*, 38 App. Div. 431; 47 App. Div. 636; 168 N. Y. 659; *Mason* v. *Prendergast*, 120 N. Y. 536; *Rockwell* v. *Peck*, 13 App. Div. 621.)

HISCOCK, J. This action was brought to recover possession of a diamond ring which plaintiff alleged that the defendant unlawfully withheld from her, the true owner. The answer was a general denial.

On the trial as a witness for the plaintiff one Ash testified in substance that the plaintiff purchased the ring of him and paid for it, and that at the time it was delivered, by parol agreement between the plaintiff and defendant's intestate, Doughan, the ring was loaned to the latter, the title and ownership being retained by the plaintiff.

It is claimed that this evidence was incompetent under that portion of section 829 of the Code of Civil Procedure which provides, "Upon the trial of an action * * * a party or a person interested in the event, or a person from, through or under whom such a party or interested person derives his interest or title, by assignment or otherwise, shall not be examined as a witness, in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the * * * administrator * * * of a deceased person, * * * concerning a personal transaction or communication between the witness and the deceased person * * *."

It is clear that on the theory outlined by Ash's testimony he was not "a person interested in the event" of this action. He had sold the ring and received his pay therefor, and it made not the slightest difference to him directly or indirectly whether subsequently the ownership of the ring remained in plaintiff or passed to defendant's intestate.

Neither do I think that he was the person "from, through or under whom" plaintiff "derives his (her) interest or title by assignment or otherwise" in this action, within the meaning of the Code.

In construing the language last quoted we should keep in mind the fundamental purpose of section 829. This, of course, was to prevent a person who was or who might be assumed to be a partisan witness from giving his version of a transaction with another who was deceased and could not speak. In effectuating this purpose the Code naturally took into account a person or party who was directly and legally interested in the event of the suit. It also included a person under whom as assignor or otherwise a party or interested person derived his interest or title, and which assignor would be morally and indirectly, if not legally and directly, interested in maintaining the validity and integrity of the assignment, and, therefore, to that extent would be a biased witness.

It will be seen at once that Ash did not come within the spirit of this provision concerning assignors. He made no assignment or transfer to plaintiff which was involved in this action. He was not in any manner responsible for or legally or morally obligated to maintain the agreement on which plaintiff bases this suit. It would neither affect him pecuniarily nor impeach him morally if the plaintiff failed in her present claim which lay entirely between her and the defendant as Doughan's representative.

Neither, as it seems to me, does Ash come within the letter of the statute as the " person from, through or under whom " plaintiff " derives his (her) interest or title by assignment." He sold her the ring. But this action is based on the alleged subsequent wrongful detention of the ring by defendant. Under the pleadings and evidence in this case all that it was necessary for plaintiff to prove was her possession and apparent ownership of the ring and her arrangement with Doughan, and certainly Ash, although the original vendor of the property, was not the assignor of the interest or claim thus involved herein. We must not overlook the difference between the original sale of the article and its subsequent conversion as against the vendee by a third

party. Legally they are distinct and separate trans-
actions and it is the latter one which is involved in this
action. Even if it should be assumed that defendant's
denial did put in issue the original sale by Ash to plain-
tiff, it was competent for the former to testify concern-
ing that because in a legal sense it did not and could not
involve a transaction with the deceased.

While no decision has been found which considers the
precise conditions appearing in this case, there are some
based on facts so analogous as to make them in my opin-
ion authorities for the views which have been expressed.

In *McGinn* v. *Worden* (3 E. D. Smith, 355) the ques-
tion was presented whether the vendor of personal
property was "an assignor of the thing in action or
contract," under section 399 of the Code as it then was,
in an action brought by the vendee to recover for the
illegal detention of the article sold by a third party. It
was held that he was not, the court saying, "that the
assignment of a claim for damages sustained by the
alleged assignor by the detention of his property, is very
different from a transfer of the title to property belong-
ing to another, which vests in the transferee a right to
demand and receive the property itself   *   *   *.   The
first case is an assignment of a thing in action; a mere
claim lying in action, and in action only. The second is
a sale of property under which the purchaser acquired
title to the thing itself."

In *Rockwell* v. *Peck* (13 App. Div. 621, 622), the defend-
ant alleged error because the vendor of certain personal
property to plaintiffs' and defendant's respective testators
jointly was allowed to give testimony concerning an agree-
ment between said vendees on which plaintiff based her
suit. The court overruled the objection, saying: ".The
defendant alleges error in the reception of testimony given
by the assignor of the property in question  *  *  *  concern-
ing personal communications and transactions between
the assignor and Peck, the defendant's testator, subse-

quent to the assignment. It is plain that the cause of action here alleged was not derived from the assignor, but arose out of the subsequent transactions of Rockwell and Peck in relation to the property assigned to them. Section 829 of the Code of Civil Procedure does not, either in letter, or in spirit, apply."

In *Squire* v. *Greene* (38 App. Div. 431) it appeared that the controversy had arisen between the parties as to the relative priorities of three mortgages by them respectively held and title to each of which was derived from one Nafis, who died prior to the commencement of the action. One Anderson, who at one time held two of the mortgages and assigned them to Nafis, testified as a witness on behalf of the respondent to personal transactions with the deceased Nafis relating to those mortgages, the appellants insisting that she was not a competent witness as to those transactions, for the reason that the respondents traced their title from her. It was held that the objection was not well founded. While the court did refer to the fact that the title of Mrs. Anderson was not in dispute, it also referred to the facts as a reason for its decision that her title had ceased by assignment to Nafis anterior to the transactions out of which the controversy accrued, and that she had no possible interest, and held that the respondents did not claim as successors to her rights, and that, therefore, the exclusion of her testimony was not demanded by the spirit or the terms of the section of the Code.

In *Rank* v. *Grote* (110 N. Y. 12) it appeared that one Steinway had deeded premises to one Grote, and that plaintiff was maintaining an action of ejectment as one of the heirs at law and devisees of said Grote to recover possession of an interest in the premises so deeded. The defendants claimed that Grote took the conveyance in behalf of a partnership of which he and they were members, and Steinway, the grantor, was allowed to state personal transactions which took place between him and

the grantee Grote, then deceased, at the time of the sale of the premises and the execution of the deed, for the purpose of sustaining defendant's defenses. It was claimed that this was error under section 829 of the Code, but the court said, through Judge PECKHAM: "We do not think the evidence is within the mischief of the statute. The witness was wholly disinterested in the question in reference to which he was sworn. * * * Nor does it seem to us that the facts in this case make out the witness to be a person from, through or under whom the defendants derived their interest or title within the meaning of the statute under consideration. The person from, through or under whom the title came within that meaning, was, as we think, Frederick Grote, the deceased partner and grantee. The plaintiff claims by will from him, and the defendants seek to destroy that claim by proof that the surviving partners have title through Frederick Grote as the grantee for the partnership. * * * This makes Frederick Grote the individual who had the whole legal title, and the defendants did not derive their title from, through or under Steinway, and do not succeed to his title or interest within the meaning of the section mentioned, but do derive such title from Frederick Grote." (p. 14.)

Finally it is urged that even if it be assumed that on the evidence as given by Ash he was not disqualified from testifying to the transactions with the dead man concerning the ring, it was improper to permit him by his testimony to give such form to the transaction as would qualify him to be a witness; that it violates the spirit of section 829 to permit a witness by his own testimony to create such conditions surrounding the transactions of a deceased person as will permit him to testify concerning them, because this basic testimony may itself involve the question of transactions with the deceased. I believe there are several answers to this contention in this case.

In the first place the appellant seems to assume that it

was incumbent on the respondent to establish that Ash was not disqualified. The reverse, of course, is the rule, and there was no presumption of disqualification which would prevail in the absence of evidence removing it. (*Cary* v. *White*, 59 N. Y. 336, 339.)

In the second place it seems to be the rule that within limits a witness who might be disqualified may by his own testimony show the existence of conditions permitting him to testify concerning the acts of a deceased person. This question has been involved commonly in the case of an interested witness offered for the purpose of proving declarations of a deceased person in a conversation with a third party in which the proposed witness took no part, and while it has been questioned whether the witness might by his own testimony establish his aloofness from the conversation for the purpose of permitting him to testify concerning what was said by the deceased (*Petrie* v. *Petrie*, 25 N. Y. S. R. 309, 312), this has repeatedly been allowed, and sometimes apparently where the question was fairly raised. (*Lobdell* v. *Lobdell*, 36 N. Y. 327, 332, 333; *Stern* v. *Eisner*, 51 Hun, 224; *Nichols* v. *Van Valkenburgh*, 15 Hun, 230, 234; *Holcomb* v. *Holcomb*, 95 N. Y. 316, 326.)

In the third place, at the time Ash gave his testimony, the plaintiff herself, without objection and without contradiction, had described the transactions between Ash and herself, and herself and the deceased person in substance in the same manner as did Ash, and, therefore, by her testimony the nature of the transactions with the deceased person already appeared in such a manner as to make Ash a qualified witness if the views heretofore given are correct.

The judgment should be affirmed, with costs.

GRAY, WERNER, CHASE and COLLIN, JJ., concur with HISCOCK, J.; CULLEN, Ch. J., dissents; WILLARD BARTLETT, J., not voting.

Judgment affirmed.