The West End Brewing Company, Appellant, *v.* Utica Trust and Deposit Company and Susie Crimmins, as Executors, etc., of David J. Crimmins, Deceased, Respondents.

Fourth Department, December 6, 1916.

Decedent's estate — evidence — incompetency of witness under section 829 of Code of Civil Procedure to testify respecting personal transactions with decedent.

In an action against executors to recover for goods alleged to have been sold and delivered to the decedent, a witness, interested in the question as to whether the sale was made to the decedent, as contended by the plaintiff, or to such witness, as contended by the defendant, is not incompetent to testify against the executors under section 829 of the

Code of Civil Procedure respecting a personal transaction with the decedent, because it cannot be said that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action.

APPEAL by the plaintiff, The West End Brewing Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Oneida on the 20th day of October, 1915, upon the verdict of a jury, and also from an order entered in said clerk's office on the 19th day of November, 1915, denying plaintiff's motion for a new trial made upon the minutes.

*Henry F. & James Coupe* [*James Coupe* of counsel], for the appellant.

*Albert T. Wilkinson,* for the respondents.

KRUSE, P. J.:

We are of the opinion that the trial court erred in ruling that the witness Daniel H. Crimmins was an incompetent witness to testify against the defendant executors under section 829 of the Code of Civil Procedure respecting a personal transaction with their deceased. It is true that the witness was vitally interested in the question in controversy, namely, whether the sale was made to the deceased as contended by the plaintiff, or to the witness, as contended by the defendants. But that simply goes to the credibility of his testimony and not to his competency, unless it can be said that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in in some other action.

The question was very fully discussed in *Eisenlord* v. *Clum* (126 N. Y. 552), which was an action in ejectment to recover certain lands of which Eisenlord died seized, and the conclusion there reached was that it was not intended by the provisions contained in section 829 of the Code to enlarge the class to be excluded by reason of interest, beyond the common-law rule excluding interested witnesses; and it was held that the mother of the plaintiff in that action was a competent witness to prove her marriage to Eisenlord, whose son plaintiff

claimed to be and to whose title he claimed to have succeeded as heir at law.   The holding of the General Term, that the witness was excluded by reason of interest because the judgment would furnish evidence to establish her claim to dower in the premises, was disapproved, and it was held that such a judgment would not be admissible in evidence, either for or against the witness.   .*Wallace* v. *Straus* (113 N. Y. 238) was an action upon a contract of guaranty, and it was there held that the guarantor's principal was a competent witness and not interested in the event of the action within the meaning of section 829 so as to preclude him from testifying to a personal transaction with plaintiff's testator, to whom the contract of guaranty was given, the court saying that the judgment against the surety would not be an adjudication as against his principal that the surety had incurred any liability for which he was entitled to indemnity, the principal not being a party to the action, and it not appearing that any notice had been given him by the surety to defend the action or that he had undertaken the defense thereof.

So here, it seems clear that any judgment in this action, whether for or against the defendants, could not affect the witness by direct legal operation, nor would the record be legal evidence for or against him in any other action.

Many other decisions of the appellate courts of this State might be cited to sustain the conclusion here reached, but it does not seem necessary to collate or discuss them.   The rule itself is well settled, though its application is not always free from difficulty.   I think there must be a new trial.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.