DeEmma Bishop, Plaintiff, *v.* Elma Bishop, Individually and as Administratrix, etc., of Ralph A. Bishop, Deceased, and Others, Defendants.

Supreme Court, Cattaraugus County, September, 1923.

Real property — action to remove cloud on title — changing name of grantee in deed — recording altered deed — when relief granted — witness — evidence of transactions with deceased — Civil Practice Act, § 347.

Upon the execution and delivery in 1905 of a deed of conveyance of 160 acres of land to a husband and wife, it was taken by her to her residence, placed among her papers, and has never since been seen by her. Except for brief intervals the grantees resided upon the land until the husband's death in 1918, since which time the wife has resided thereon claiming to be the exclusive owner as tenant by the entirety. A mortgage given by said grantees to their grantor of even date with the contract to sell, to secure the purchase price, was recorded in the county clerk's office in January, 1906. Shortly before the commencement of this action the wife discovered that said deed had not been recorded. An examination of the records of conveyances in the office of the clerk of the proper county disclosed that a deed purporting to have been executed on the same day in 1905 as the deed under which said wife claims title executed by the same grantor and conveying the same property to a son of her husband had been recorded in the office of the county clerk in September, 1911. In an action commenced by said wife in January, 1923, to remove the apparent cloud upon her title the complaint alleged that after 1905 and before September, 1911, the names of plaintiff and her husband as grantees in the deed of 1905 had been wrongfully erased therefrom and the name of her husband's son inserted therein as grantee and that the conveyance as thus altered had been placed on record. The original deed of 1905 was not produced upon the trial but the documentary evidence and the testimony received without objection conclusively establishing that the grantor in the deed of 1905 did in fact by a proper conveyance grant and convey the 160 acres to plaintiff and her husband, she will be granted judgment as prayed for.

The grantor in the deed to plaintiff and her husband as a witness for plaintiff was asked to state the transaction that took place on the day in 1905 when he conveyed the 160 acres. The testimony asked for was objected to upon the ground that the witness was interested in the action; that defendants derived their title from and through the witness; that the conveyance by them to the son of plaintiff's husband having been executed by the witness involved a personal transaction with said son, now deceased, and that by section 347 of the Civil Practice Act the witness was prohibited from testifying. *Held,* that the objection was not well founded and that the testimony offered was competent.

The fact that the witness as owner of the purchase-money mortgage was interested in the question of its validity if the land had been deeded to the son of plaintiff's husband, as appeared by the record in the county clerk's office, did not establish that the witness, who is not a party to this action, was interested therein as the judgment to be rendered will not be legal evidence for or against him in some other action involving the validity of his mortgage.

Action to remove cloud on title to real estate.

*Ansley & Ansley*, for plaintiff.

*Mott & Ottaway*, for defendants.

BROWN, J. On October 14, 1905, Will O. Tingue, Francis Bishop and DeEmma Bishop entered into a contract in writing whereby Will O. Tingue agreed to sell and convey to Francis Bishop and DeEmma Bishop, who were husband and wife, 160 acres of land in Leon, Cattaraugus county, together with certain personal property, Francis Bishop and DeEmma Bishop agreeing to pay Will O. Tingue for such conveyance the sum of $4,000, to be paid by conveying a house and lot in East Randolph for $600 and the balance of $3,400 by paying $300 annually thereafter. The contract provided that the deeds to consummate such conveyances " be given on the date hereof." Thereupon as part of the same transaction DeEmma Bishop executed and delivered to Will O. Tingue a deed conveying the East Randolph house and lot for the consideration of $600, and Will O. Tingue executed and delivered to Francis Bishop and DeEmma Bishop a deed conveying the 160 acres in Leon. Concurrently therewith Francis Bishop and De-Emma Bishop executed and delivered to Will O. Tingue their bond conditioned to pay $3,400 in annual installments of $300, and as security for the payment of such indebtedness executed and delivered to Will O. Tingue a mortgage upon said 160 acres. Thereafter Francis Bishop and DeEmma Bishop went into possession of the 160 acres. The deed of the 160 acres from Tingue to Francis Bishop and DeEmma Bishop was taken by DeEmma Bishop to her residence, placed among her papers, was not recorded and has not been seen by DeEmma Bishop since about that date in 1905. Francis Bishop resided upon the 160 acres except for brief intervals, with his wife, DeEmma Bishop, up to his death in 1918, since which time DeEmma Bishop has resided thereon claiming to be the exclusive owner thereof as tenant by the entirety. The mortgage given by Francis Bishop and DeEmma Bishop to Will O. Tingue was recorded in the Cattaraugus county clerk's office January 11, 1906. Shortly before the commencement of this action DeEmma Bishop discovered that the deed executed and delivered on October 14, 1905, to herself and Francis Bishop had not been recorded, and then learned that an examination of the records of conveyances in the Cattaraugus county clerk's office disclosed that a deed purporting to have been executed by Will O. Tingue on the 14th day of October, 1905, to Ralph A. Bishop conveying the 160 acres had been recorded in said clerk's office on the 5th day of September, 1911. Ralph A. Bishop was a son of Francis Bishop and DeEmma Bishop, who died May 24, 1922, leaving the defendant Elma Bishop, his wife,

and the remaining defendants as his heirs at law. Thereupon this action was commenced in January, 1923, to remove the apparent cloud upon the title of the plaintiff, barring the defendants from all interest in the 160 acres, etc., the plaintiff alleging that after 1905 and before September 5, 1911, the names of Francis Bishop and DeEmma Bishop as grantees in the deed of October 14, 1905, had been wrongfully erased and the name of Ralph A. Bishop inserted therein as grantee, and the conveyance thus altered placed on record. The original paper constituting the deed of October 14, 1905, executed by Will O. Tingue to Francis Bishop and DeEmma Bishop, was not produced on the trial and whatever assistance might have been rendered in determining whether it had been tampered with, by an inspection, has been withheld. The contract to sell and convey the 160 acres, the deed of the East Randolph house and lot, the deed of the 160 acres, the bond and the mortgage were each prepared at the law office of the late Col. Nash, an attorney at law in Cattaraugus; all were written by him and the acknowledgment of the several executions by all the parties taken by him as notary public on the 14th day of October, 1905; there were present at that time Will O. Tingue, Francis Bishop, DeEmma Bishop and Col. Nash. Ralph A. Bishop was not present. The business was concluded at one meeting and all the papers were prepared, executed, acknowledged and delivered as part of one transaction. The plaintiff ever since that event has been in possession of the 160 acres; she has made several payments upon the mortgage, reducing the indebtedness to about $1,100. Upon an examination of the papers and the evidence received without objection the conclusion seems to be irresistible that Will O. Tingue did in fact by proper conveyance grant and convey the 160 acres to Francis and DeEmma Bishop on the 14th day of October, 1905.

Upon the trial Will O. Tingue was called as a witness by the plaintiff and asked to state the transaction that took place on the 14th day of October, 1905, when he conveyed the 160 acres. Defendants interposed the objection that the witness was interested in the event of this action, that the defendants derived their title from and through the witness, that the conveyance by the witness to Ralph A. Bishop which was of record, having been executed by the witness on October 14, 1905, involved a personal transaction with Ralph A. Bishop, deceased, and the witness was prohibited by section 347 of the Civil Practice Act from testifying. It is not believed that the objection was well founded.

The witness Tingue though the owner of the mortgage was not interested in the event of this action. If the 160 acres were deeded to Francis and DeEmma Bishop the mortgage would be a perfect

legal lien upon the lands, for the reason that the mortgagors would have been possessed of the legal title. If the 160 acres had been deeded to Ralph A. Bishop by the deed of October 14, 1905, as appeared by the record in the county clerk's office, the mortgagors, Francis and DeEmma Bishop, would not have had the legal title and the mortgage would be of doubtful legal validity. This situation, however, does not establish that Will O. Tingue was interested in the event of this action. It does establish that he is interested in the question, but the event of this action, the judgment to be rendered, would in nowise adjudicate or prove the validity of his mortgage; a judgment dismissing plaintiff's complaint would not be binding upon Tingue; it would not decree his mortgage to be void or unenforcible; a judgment awarding defendants the title would not legally affect his mortgage. Tingue is not a party to this action. The judgment or record in this action will not be legal evidence for or against Tingue in some other action involving the validity of his mortgage. *Franklin* v. *Kidd*, 219 N. Y. 409; *West End Brewing Co.* v. *Utica Trust & Deposit Co.*, 175 App. Div. 477.

The inquiry made to Tingue as to the transaction on October 14, 1905, when he made the conveyance of the 160 acres did not involve any transaction personal or otherwise with the deceased Ralph A. Bishop. Ralph A. Bishop was not present at that transaction. Tingue was not a person through whom the defendants derived their apparent title; their claim was derived through Ralph A. Bishop, with whom no communication or transaction was sought to be related by Tingue. In stating the transaction asked for only that which occurred while Francis Bishop, DeEmma Bishop, Col. Nash and the witness were solely present was related. In *Rank* v. *Grote*, 110 N. Y. 12, Steinway conveyed certain lands to Grote. The plaintiff claimed the land as an heir and devisee of Grote; the defendants claimed that Grote took as trustee for the benefit of a copartnership. Steinway was allowed to state personal transactions which took place between him and Grote, then deceased, at the time of the execution of the deed. Error was claimed under section 829 of the Code of Civil Procedure. The Court of Appeals said that Steinway was not a person from, through or under whom the defendants derived their interest within the meaning of the statute. Such person was Grote, the deceased. The testimony was competent.

The conclusion is reached that the plaintiff is entitled to a judgment establishing her title and removing the deed recorded September 5, 1911, from the records as a cloud upon her title.

Let findings be prepared.

Judgment accordingly.